116 So.2d 99 (1959)
J. C. NIX et al., Plaintiffs-Appellants,
v.
VILLAGE OF CASTOR, Louisiana, Defendant-Appellee.
No. 9126.
Court of Appeal of Louisiana, Second Circuit.
November 25, 1959.
Campbell, Campbell & Marvin, Minden, for appellants.
Robert H. Wimberly, Arcadia, for appellee.
HARDY, Judge.
This action was instituted by ten individuals and one corporation as plaintiffs, seeking judgment annulling an ordinance adopted by the governing authorities of the *100 defendant village enlarging and extending its boundaries. From a judgment in favor of defendant rejecting plaintiffs' demands, they prosecute this suspensive appeal.
The ordinance which is the object of plaintiffs' attack was adopted by the Mayor and Board of Aldermen of the defendant village and by its terms it attempts to effect the enlargement of the village boundaries by the inclusion of an additional 600 acres of land lying adjacent to the existing village boundary.
Plaintiffs' action was instituted under the authority of LSA-R.S. 33:174 (Acts 1946, No. 315, Section 4), which reads as follows:
"Suit to contest reasonableness of proposed extension of corporate limits
"Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits and the question shall be whether the proposed extension is reasonable. If the extension of boundaries is adjudged reasonable the ordinance shall go into effect ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken with the time and manner provided by law. If the proposed extension is adjudged unreasonable the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter. A similar right of appeal from the judgment of the district court annulling the ordinance shall be granted the municipality or any interested citizen as hereinabove provided." (Emphasis supplied.)
According to the specific provision of the above quoted statute, the only issue which is presented to this court concerns a determination as to whether the proposed boundary extension is reasonable. This is purely a factual question which must be determined upon the basis of the record made up on trial. It is to be observed that the evidence before us, consisting of the testimony of plaintiff's witnesses and certain documentary exhibits, stands uncontroverted, inasmuch as defendant introduced no evidence of any nature whatsoever.
The following material facts were definitely established:
The Village of Castor was incorporated by proclamation of John M. Parker, Governor of the State of Louisiana, on the 26th day of June, 1920, and the boundaries of the said village, as delineated in the proclamation, embraced a total of 640 acres; the reports of the Director of the Bureau of Census of the United States Department of Commerce disclosed that the population of the Village of Castor was fixed at 256 persons in the census of 1930; 244 persons in the census of 1940, and 171 persons in the census of 1950; according to the uncontradicted testimony of one of plaintiffs' witnesses, only 129 persons lived within the boundaries of the Village of Castor at or shortly before the date of trial of this case on November 28, 1958. This witness further testified that no industrial nor manufacturing plants were located within the limits of the village; that the buildings embraced therein consisted of six stores, two churches, one school, one gasoline bulk plant, three gasoline service stations, and a post office; it was further established that during the year 1958, prior to trial, only one residence had been built; that no homes were built in 1957, and only one in 1956; the land sought to be annexed consists of 600 acres on which fifty-two people reside; and, finally, it was shown that a substantial area of the property already embraced within the existing boundary limits of the village is vacant land, which could be made available for necessary construction, though no such need is even so *101 much as indicated by the evidence. It is also pertinent to observe that the record is completely devoid of the slightest indication that the governing authorities of the defendant village propose or intend to extend any municipal services of any nature or character which would constitute advantages to the inhabitants of the sparsely settled area which is proposed to be annexed.
There is no dispute as to the facts above delineated, nor is there dispute as to the applicable principles of law. As we have above noted, the statute itself reduces the question involved to the reasonableness of the proposed extension. Our jurisprudence has uniformly, and without exception, established the additional principle that the burden of proving the unreasonableness of the ordinance rests upon the opponents and must be made to appear by abundant evidence; Barbe v. City of Lake Charles, 216 La. 871, 45 So.2d 62; Breland v. City of Bogalusa, La.App., 51 So.2d 342; Cheshire v. City of Minden, La.App., 83 So.2d 526; Hider v. Town of Lake Providence, La.App., 91 So.2d 387.
The jurisprudence of our state conforms to that of other jurisdictions and to the principles enunciated by text writers on the subject, as pointed out in the opinion of Barbe v. City of Lake Charles, supra.
As we appreciate the matter, the rule of reason with respect to the enlargement of boundaries of municipal corporations, may be satisfied by the establishment of a number of factors, among which we note, by way of illustration, a substantial increase in population; a need for additional area for construction of homes, mercantile, manufacturing or industrial establishments; a need for additional land area to accommodate the present or reasonably anticipated future growth of the municipality; the extension of police, fire, sanitary protection or other municipal services to substantial numbers of residents of adjacent areas.
Not one of the above, nor any other element which might be construed as a reasonable need justifying the extension of the boundaries of the defendant village, is established in the instant case, and, on the contrary, each one of these several possible reasons have been completely negated. Plaintiffs in the instant case have not only sustained the burden of establishing the unreasonableness of the ordinance by abundant evidence, but the record is completely devoid of the establishment of any fact which would constitute a reason for the attempted annexation.
It is evident to us that the annexation ordinance is an attempt to inject some new life into one of our highly regarded rural communities which is gradually withering away in population. No matter how much our sympathy may be inclined, we think the conclusion is inescapable that this artificial stimulation fails to constitute reasonable grounds to support the action taken.
For the reasons set forth, we have no alternative except to find the judgment appealed from manifestly erroneous, and, accordingly, it is annulled, set aside and reversed, and
It Is Now Ordered, Adjudged and Decreed that there be judgment in favor of plaintiffs and against the defendant decreeing Ordinance No. 25, entitled:
"An Ordinance enlarging the boundaries of the Village of Castor, Louisiana, defining the territory to be included and the entire boundaries as changed; and fixing the time when this ordinance shall become effective"
adopted by the Mayor and Board of Aldermen of the Village of Castor, Louisiana, on the 5th day of May, A. D. 1958, to be null, void and of no effect.