KING, Judge.
The issues presented by this appeal are whether or not the trial court properly sustained defendant’s peremptory exception of prescription dismissing plaintiffs’ suit and whether or not the trial court properly denied plaintiffs’ motion for a new trial.
Richard Prestridge, Jr., Lona Steele, Rick Steele, Larry Babbitt, Claude Williams, Gina A. Trahan, R. Webb Hatten, Jr., Keith Fargo, and Rhonda Fargo (hereinafter Prestridge), all of whom are domiciled in Lafayette Parish, Louisiana, filed suit against the Town of Carenero, Louisiana (hereinafter Town), a political corporation domiciled in Lafayette Parish, Louisiana, seeking to have ordinances of the Town declared null and void. The ordinance annexed a certain land area (hereinafter the area) into the corporate limits of the Town.
The Town filed a peremptory exception of prescription contending Prestridge’s suit was filed after the statutory time permitted for contesting such ordinances had expired.
*134 The exception was tried and taken under advisement. Written reasons for judgment were rendered sustaining the exception and a judgment was read and signed. A timely filed motion for a new trial was denied. This suspensive appeal followed. We dismiss the appeal and remand for further proceedings.
FACTS
This appeal arises out of two suits consolidated in the trial court. This appeal has been taken by the plaintiffs in one of these consolidated suits. The plaintiffs in both consolidated suits are registered voters, residents, and property owners living in the area adjacent to the City of Lafayette, Louisiana (hereinafter the City) and adjacent to the Town of Carenero, Louisiana which has been annexed by both municipalities under the procedure authorized in LSA-R.S. 33:171, et seq. Substantially the same area was annexed by both the City and the Town. The plaintiffs in the Romero suit contest the validity of the annexation ordinances of the City; the plaintiffs in the Prestridge suit contest the validity of the annexation ordinances of the Town; and the City in the Romero suit contests the validity of the annexation ordinances of the Town. In order to understand the decision we render, it will be necessary to first fully explain each of the two consolidated suits and their complex interrelated procedural history.
The statutory law set forth in LSA-R.S. 33:171, et seq allows annexation of territory to a municipal corporation by the adoption of an ordinance when the annexation is requested by a petition signed by a majority of the registered voters and at least 25% of the resident property owners living in the territory and representing at least 25% of the assessed property value of the territory sought to be annexed.
The percentages required by the statute must be certified by the parish registrar of voters and by the parish assessor and a public meeting must be held by the municipality subsequent to the filing of the petition by the citizens requesting annexation. The ordinance does not become effective until 30 days after it has been adopted by the municipality and published. Any interested citizen of the municipality or territory to be annexed may, within that 30 day period, file suit to challenge adoption of the ordinance of annexation.
In the first suit, Doris Romero, and others, (hereinafter Romero) filed a suit against the City of Lafayette, Louisiana on April 26, 1985. This suit was assigned Number 85-7029-C on the Docket of the Fifteenth Judicial District Court and assigned, in accordance with the Rules of the Fifteenth Judicial District Court, to Judge Ronald D. Cox. Romero alleged that an ordinance of the City, Annexation Ordinance Number 0-2868-A, published on March 30, 1985 and effective on April 30, 1985, was invalid, .unreasonable, and should be declared null and void pursuant to LSA-R.S. 33:171, et seq. Romero claimed that the City ordinance was not adopted in accordance with law and that the Town of Carenero had passed an ordinance annexing the area, which became effective one day before the annexation ordinance of the City of Lafayette. For these reasons Romero claimed that the City of Lafayette was precluded from annexing the area. Romero filed a first supplemental and amending petition on May 29, 1985 also seeking nullity of another ordinance of the City, Annexation Ordinance Number 0-2869, published on April 12, 1985 and effective on May 12, 1985, which also sought to annex the area to the City. On June 5, 1985, the City of Lafayette filed an answer of general denial to plaintiffs’ original and first supplemental and amending petitions. On January 31, 1986, the City of Lafayette filed a Third Party Petition against the Town of Carenero seeking to have the Town’s ordinance, annexing the area to the Town, declared null and void. On April 24, 1986, the Town filed a peremptory exception of prescription, to the third party demand of the City, contending that the third party demand contesting the validity of the annexation ordinance of the Town of Car-enero was filed after the statutory time permitted for contesting such ordinances had expired. The exception was tried by Judge Cox on August 24, 1986 and taken *135 under advisement. On September 10,1986, Judge Cox rendered a written ruling overruling the Town’s exception of prescription to the City’s third party demand in the Romero suit.
In the second suit, plaintiff, Richard Prestridge, Jr., and others filed a petition against the Town of Carenero, Louisiana on October 25, 1985. This suit was assigned Number 85-2648-H on the Docket of the Fifteenth Judicial District Court and assigned, in accordance with the Rules of the Fifteenth Judicial District Court, to Judge Byron Hebert. Prestridge alleged that the ordinances of the Town, Annexation Ordinance Number 85-05, published on March 29, 1985 and effective on April 29, 1985, and Annexation Ordinance Number 85-06, published on April 3, 1985 and effective on May 3, 1985, were invalid and should be declared null and void pursuant to LSA-R.S. 33:171, et seq. On November 15,1985, the Town filed peremptory exceptions of prescription and no right of action to this suit. Judge Hebert heard the exceptions on a written stipulation of facts on December 9, 1985, and then took them under advisement and extended time for briefs to be submitted by all parties.
On February 4, 1986, the City of Lafayette filed a Motion to Consolidate the two suits with Judge Cox in accordance with Rule 12(D) of Rules of the Fifteenth Judicial District Court, since the Romero suit was the first suit filed and had been allocated a lower docket number and allegedly involved the same issues as those in the Prestridge suit, that is, the validity of the annexation ordinances of the Town of Car-enero.
The Town filed an opposition to the Motion for Consolidation of the Romero and Prestridge suits. On March 17, 1986, Judge Cox heard oral arguments on the motion to consolidate and granted the motion and ordered consolidation of the Romero and Prestridge suits in accordance with the authority of Louisiana Code of Civil Procedure, Article 1561 and Rule 12(D), Rules of the Fifteenth Judicial District Court. On March 18, 1987,' the day following the consolidation hearing and entry of the order consolidating the two suits, the attorney’s for Romero, Prestridge, the Town, and the City drafted a joint letter to Judge Cox and Judge Hebert. This letter advised the judges that in view of the order of consolidation, which had been entered the previous day, and the fact that Judge Hebert had not yet rendered a judgment on the exceptions previously heard by him on December 9, 1985, and which were then under advisement, that all parties presumed that the exceptions would then be tendered to Judge Cox for his consideration and decision since the two consolidated cases were then assigned to his division for all further action in accordance with the provisions of the Court Rules of the Fifteenth Judicial District Court. The letter also requested that Judge Cox defer any further action on the exceptions filed by the Town in the Romero suit until the Town had the opportunity to respond to the City’s third party petition in the Prestridge suit. A copy of this letter was filed in the record of these two consolidated suits on March 19, 1986.
On March 21, 1986, Judge Hebert’s written reasons for judgment, dated March 13, 1986, were filed in the record of the consolidated suits and sustained the exception of prescription of the Town and ordered the Prestridge suit dismissed. A written judgment dismissing the Prestridge suit was signed by Judge Hebert on March 26, 1986 and filed in the record of the consolidated suits. Judge Hebert’s reasons for judgment and the judgment he signed in the Prestridge suit were all filed in the record after the suits had been ordered consolidated. On April 14, 1986, Prestridge and the City timely filed a motion that the written reasons and/or the written judgment rendered by Judge Hebert in the Prestridge suit be set aside and a new trial granted on the exceptions, to be heard before Judge Cox to whom the consolidated suits were then both assigned.
On April 24, 1986, the Town filed an exception of prescription against the City’s third party petition, filed on January 31, 1986, in the Romero suit. On June 10, 1986, Judge Cox signed an order fixing the exception of prescription filed by the Town *136 to the third party demand of the City in the Romero suit and the motion for a new trial filed by Prestridge and the City in the Prestridge suit for hearing before him on August 25, 1986.
The hearing on the exception of prescription to the third party demand in the Romero suit and the motion for a new trial in the Prestridge suit took place on August 25, 1986 and September 4, 1986 before Judge Cox. The Minutes of the Fifteenth Judicial District Court for August 25, 1986 and September 4, 1986 show that at the conclusion of the hearings, Judge Cox took the exception and motion for new trial under advisement. On September 11, 1986, Judge Cox’s written reasons for judgment, dated September 10, 1986, denying the exception of prescription filed by the Town against the third party demand of the City in the Romero suit, were filed in the record of the consolidated suits. Judge Cox made no ruling on the motion for a new trial filed by Prestridge and the City in the Pres-tridge suit which he then had under advisement.
On December 30, 1986, the Town presented a motion seeking to fix a hearing before Judge Hebert on the motion for a new trial filed by Prestridge and the City in the Prestridge suit. On February 13, 1987 a rule to show cause before Judge Hebert why his written reasons for judgment and the judgment he previously signed dismissing the Prestridge suit should not be set aside and a new trial granted was signed. This rule was set for hearing on March 23, 1987 before Judge Hebert. The hearing of the rule was upset and on motion of the Town the rule was refixed for hearing of the motion for a new trial before Judge Hebert on. May 11, 1988. Judge Hebert heard the motion for a new trial and took the matter under advisement. On May 26, 1987, Judge Hebert issued a written ruling denying the motion for a new trial. Judgment denying the motion for a new trial was signed by Judge Hebert on June 5, 1987 and Prestridge timely filed a suspen-sive appeal from the ruling granting the exception and dismissing their suit and denying their motion for a new trial.
We are faced on this appeal with a judgment on a plea of prescription in the Pres-tridge suit, rendered by Judge Hebert, and with a judgment on a plea of prescription in the Romero suit, rendered by Judge Cox, on the same issue but reaching different results. Thus, we have two consolidated suits with two different rulings by two different judges on the same issue. This appeal only presents for our determination the correctness of the rulings by Judge Hebert in the Prestridge suit granting the exception of prescription and denying the motion for a new trial.
We do not reach the issue of the correctness of the ruling by Judge Hebert on the plea of prescription and dismissal of the Prestridge suit or the correctness of the rilling by Judge Hebert denying the motion for a new trial in the Prestridge suit because we find that Judge Hebert was without authority to render a ruling and judgment on either the plea of prescription or on the motion for a new trial.
The effect of the order of consolidation of the Romero and Prestridge suits, rendered by Judge Cox on March 17, 1986, was to unite the two separate suits into a single proceeding assigned to him for the purpose of all further action. Rule 12(D), Rules of the Fifteenth Judicial District Court. All subsequent action had to be conducted and the rights of the various parties in the two suits had to be adjudicated in the consolidated proceeding and there can be no further action in each of the separate suits which, by virtue of the consolidation order, became a joint proceeding. 1A C.J.S. Actions § 216(a). After the Prestridge suit was assigned to Judge Cox by the consolidation order, rendered by the Court in accordance with its local Court Rules, all further matters or rulings in the Prestridge suit should have been taken up or made by Judge Cox, as the judge of the division to which the case was assigned. Rule 12(C), Rules of the Fifteenth Judicial District Court. After the date of the consolidation order, March 17, 1986, assigning the Prestridge suit to Judge Cox, Judge Hebert no longer had any authority to take up any matters or rule on any motions in *137 the Prestridge case. To permit Judge Hebert to act in the Prestridge suit, after it was consolidated with the Romero suit, and order it dismissed would permit him to dismiss a suit assigned to another judge. This he had no authority to do and the reasons for judgment on the plea of prescription, filed on March 21, 1986, and the judgment on the plea of prescription, signed on March 26, 1986, dismissing the Prestridge suit as well as the reasons for judgment denying the motion for new trial, rendered on May 26, 1987, and the judgment denying the motion for new trial, signed on June 5, 1987, are null and void.
For these reasons we vacate and set aside the judgments of Judge Hebert on the exception of prescription and on the motion for new trial in the Prestridge suit. We remand the case for Judge Cox’s decision on the motion for a new trial, which he now has under advisement, and for his hearing and decision on the plea of prescription filed by the Town in the Pres-tridge suit.
All costs of this appeal are taxed to defendant-appellee, the Town of Carenero.
APPEAL DISMISSED AND REMANDED.