543 So.2d 1040 (1989)
E.M. LeBLANC, Jr., et al, Plaintiffs-Appellants,
v.
CITY OF LAFAYETTE, Defendant-Appellee.
No. 88-591.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
Rehearing Denied May 15, 1989.
*1041 Logan & Sallinger, Barry J. Sallinger, Wm. E. Logan, Lafayette, for plaintiffs-appellants.
Voorhis & Labbe, Michael D. Heber, H.D. Melton, III, Lafayette, for defendant-appellee.
Before GUIDRY, LABORDE and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in granting a Motion For Summary Judgment in favor of the defendant and in denying a Motion For Summary Judgment in favor of plaintiffs.
E.M. LeBlanc, Jr., Gertrude LeBlanc, Alton G. Beadle, and Neddie Beadle (hereinafter plaintiffs), all of whom are domiciled in Lafayette Parish, Louisiana, filed suit against the City of Lafayette (hereinafter the City), a political subdivision located in the Parish of Lafayette, Louisiana, seeking to have two annexation ordinances of the City declared invalid. The ordinances sought to annex two areas of land adjacent to the City, known as Rivers Bend and Lower Rivers Bend, into the City. Plaintiffs and the City both filed motions for summary judgment. The trial court granted the City's motion and denied plaintiffs' motion. Plaintiffs then timely filed a suspensive appeal from the judgment of the trial court. We affirm.

FACTS
This suit comes before the court challenging the annexation of two adjacent land areas into the City of Lafayette, Louisiana. On January 2, 1985, the Lafayette City Council adopted Ordinance 0-2837 to annex an adjacent land area known as Lower Rivers Bend into the City. This law suit entitled E.M. LeBlanc, Jr., et al v. City of Lafayette (hereinafter the LeBlanc suit) was filed on January 29, 1985 to contest the Lower Rivers Bend annexation.
On July 22, 1986, the City Council adopted Ordinance 0-3129 to annex a different adjacent land area known as Rivers Bend into the City. On August 22, 1986 the law suit entitled Glenn T. Logan v. City of Lafayette (hereinafter the Logan suit) was filed to contest the Rivers Bend annexation. The plaintiffs in this suit then filed a supplemental and amended petition which also sought to contest the Rivers Bend annexation.
The City of Lafayette filed a motion to consolidate these two cases, which was granted on October 22, 1987. These suits were consolidated for trial in Judge Durwood Conque's Division of the Fifteenth Judicial District Court pursuant to Rule 15 of the Rules of the Fifteenth Judicial District Court and remain consolidated on appeal. Since the law and relevant facts are common to both suits, our opinion here is equally applicable to both suits. However, we render a separate judgment in the consolidated *1042 appeal of Glenn T. Logan v. City of Lafayette, 543 So.2d 1045 (La.App. 3 Cir.1989).
In response to the LeBlanc suit the City filed a declinatory exception of insufficiency of service and a peremptory exception to the supplemental and amending petition contesting the Rivers Bend annexation. In response to the Logan suit the City filed a declinatory exception of insufficiency of service and a peremptory exception of no right or cause of action. Additionally, the City filed a motion for summary judgment in each suit on the grounds that the pleadings, admissions, and the affidavits and exhibits on file, show that there was no genuine issue of material fact and that the City was entitled to judgment in its favor as a matter of law.
On November 16, 1987 the various exceptions and motions for summary judgment filed by the City were submitted on briefs to Judge David S. Foster, who was sitting as a Judge Ad Hoc for the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana, and were taken under advisement. Judge Foster rendered judgment on December 11, 1987 in favor of the City on the exception of insufficiency of service of process in the LeBlanc and Logan suits and in favor of the City on the exception of prescription to the supplemental and amended petition filed in the LeBlanc suit contesting the Rivers Bend annexation. Judge Foster did not rule on the City's peremptory exception of no right or cause of action filed in the Logan suit or the City's motions for summary judgment filed in both the LeBlanc and Logan suits.
On January 12, 1988 the plaintiffs in the consolidated suits filed a motion for summary judgment on the grounds that the City ordinances annexing the Rivers Bend and Lower Rivers Bend areas were invalid since they were not filed with the Clerk of Court of the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana within ten days after the date each of the ordinances were adopted. Plaintiffs also opposed the City's motions for summary judgment in the consolidated suits, which were then under advisement and had not been ruled on by Judge Foster, for the reasons that the City had failed to comply with the requirements of law for annexation of the areas into the City.
We note that the hearing held by Judge Foster on November 16, 1987 and his ruling issued on December 11, 1987 on the exceptions and motions in the consolidated suits were rendered at a time when he had no authority to act in the consolidated suits. Rule 12, Rules of the Fifteenth Judicial District Court; Prestridge v. Town of Carencro, 534 So.2d 133 (La.App. 3 Cir. 1988). However, neither plaintiffs nor defendant have complained of this irregularity or contested it by appeal. For this reason it was proper for Judge Conque to rehear and rule on the City's motion for summary judgment in the two consolidated suits which Judge Foster had previously heard and had under advisement. Rule 12, supra; Prestridge v. Town of Carencro, supra.
On January 15, 1988, with the express pre-trial agreement of the parties, the cross motions for summary judgment in the consolidated suits were argued before and taken under advisement by Judge Durwood Conque. On January 28, 1988 Judge Conque issued written reasons for judgment denying plaintiffs' motions for summary judgment and granting the City's motions for summary judgment, and dismissing both of the consolidated suits. A written judgment was signed on February 1, 1988. Plaintiffs in each consolidated suit subsequently filed a motion for a new trial which was denied. Plaintiffs timely suspensively appeal the dismissal of their suits.

MOTIONS FOR SUMMARY JUDGMENT
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be granted if the pleadings, depositions, affidavits, interrogatories, and admissions on file demonstrate that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law.
On appeal, plaintiffs contend that the trial court erred in not granting their motion for summary judgment as a matter of law. Plaintiffs' motion for summary *1043 judgment is based upon the failure of the City to file a description of the entire boundary of the municipality, as changed by the annexation ordinances at issue, with the Clerk of the District Court for Lafayette Parish, Louisiana within ten days of the date of adoption of the ordinance at issue. Plaintiffs contend that for this reason the annexation ordinances are invalid. Plaintiffs base their argument upon the provisions of LSA-R.S. 33:178(A) which provides that:
"A. Where the boundaries of a municipality have been enlarged or contracted, the ordinance with reference thereto must define with certainty and precision the territory which is proposed to be included in or excluded from the corporate limits, as the case may be. The ordinance need not contain a description of the entire boundary of the municipality as changed, but, within ten days after the adoption of the ordinance, a description of the entire boundary of the municipality as changed shall be filed by the clerk of the municipality with the clerk of the district court of the parish in which the municipality is located. Such description so filed shall become the official boundary on the effective date of the ordinance."
The City admits that each of the annexation ordinances were not filed within ten days of their adoption but maintains that noncompliance with LSA-R.S. 33:178 does not invalidate the annexations. In support of this proposition, the City relies on LSA-R.S. 33:172(A) which provides how an annexation ordinance is to be adopted and which states:
"No ordinance enlarging the boundaries of a municipality shall be valid unless prior to the adoption thereof a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporation limits according to the certificate of the parish assessor...."
The City argues that since R.S. 33:178 and R.S. 33:172(A) do not both contain similar language, the effect of not filing an annexation ordinance within the ten day period provided by R.S. 33:178(A) is simply that the effective date of the annexation ordinance is governed by the provisions of LSA-R.S. 33:173, which states:
"The ordinance enlarging the boundaries of a municipality shall not become operative until thirty days after it has been published once in a newspaper having general circulation therein."
Thus, the City contends that the only "penalty" for failure to comply with LSA-R.S. 33:178 is that the annexation ordinance is not retroactive to the effective date of the annexation ordinance and that the municipality is only required to wait the thirty day period provided by LSA-R.S. 33:173 before the annexation ordinance actually becomes effective rather than, as plaintiff argues, that the annexation ordinance becomes invalid.
Upon a review of R.S. 33:178(A), we find that a failure to file a description of the boundaries of the area annexed within ten days after the adoption of the ordinance is not a sine quo non for the validity of an annexation ordinance. This statute does not make this filing a requirement for the validity of an annexation ordinance. R.S. 33:178 merely provides for the retroactive application of an annexation to the effective date of the annexation ordinance, if a description of the new boundaries of the municipality, including the description of the newly annexed area, is filed within ten days of the adoption of the annexation ordinance. The City's failure to file the annexation ordinance with the Clerk of Court is not fatal to the validity of the annexation ordinance. We conclude plaintiffs' interpretation of R.S. 33:178 is erroneous and that the trial court correctly denied their motion for summary judgment.
Plaintiffs further contend that the trial court erred in granting the City's motion for summary judgment as the record reveals there are several genuine issues of material fact. Plaintiffs allege that the City failed to comply with the general procedural *1044 requirements for a municipal annexation as set forth in LSA-R.S. 33:172(A).
Plaintiffs allege that the petitions seeking annexation, which were presented to the City, do not reflect the assent of the proper percentages of registered voters and resident property owners within the contested annexation area. An examination of the annexation petitions at issue in this case shows that the petitions for annexation were certified by the Parish Assessor and Registrar of Voters indicating that the City has complied with these requirements. The certificate of the parish assessor is prima facie proof of its contents and is presumed valid. Hider v. Town of Lake Providence, 91 So.2d 387 (La.App. 2 Cir.1956); Dupre v. Mayor & Board of Aldermen of City of Houma, 126 So.2d 637 (La.App. 1 Cir.1961). Although Louisiana jurisprudence is silent on the matter, we also find the same rule is equally applicable in connection with the certificate of the Registrar of Voters.
No competent evidence has been produced by plaintiffs to controvert the correctness of the certificates of the Parish Assessor and Registrar of Voters which certify the correctness of the information contained in the annexation petitions and that the petitions meet the statutory requirements for annexation of the Rivers Bend and Lower Rivers Bend areas. Mere formal allegations without substance will not preclude summary judgment. City of Baton Rouge v. Cannon, 376 So.2d 994 (La. App. 1 Cir.1979); Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3 Cir.1985).
Plaintiffs next allege that the annexation petitions submitted by the City in support of their motion for summary judgment, some of which had a map of the area proposed to be annexed on the rear of the petition, failed to sufficiently comply with the annexation statutes. A review of the municipal annexation statutes, R.S. 33:171 et seq., shows that there is no statutory requirement that any map, plat, or property description be attached to any petition for annexation. Generally the first notice of the exact boundaries of the area being considered for annexation is provided to citizens living in the area by publication of the notice of the filing of an annexation petition in a newspaper published in the locality.
This requirement of notice by publication is set forth in LSA-R.S. 33:172(B) which provides:
"B. Notice by publication shall be given once of the filing of the petition in some newspaper published or having general circulation in the municipality. No ordinance enlarging the boundaries of the municipality shall be adopted until ten days after the publication of the notice. Anyone desiring to be heard with reference to the proposed ordinance shall notify the clerk or secretary of the municipality in writing and the governing authorities, before adopting any ordinance, shall grant such hearing."
The jurisprudence interpreting R.S. 33:172 has held the publication must either describe the property proposed for annexation or state where such a description may be reasonably available for inspection by the public. City of Monroe v. Noe, 340 So.2d 616 (La.App. 2 Cir.1976). In the present case, the City did in fact include a description of the property being considered for annexation within the published notices, and these notices were produced and filed in evidence as part of the City's motion for summary judgment. Additionally, notice of the placement of these pending annexations on the City council's agenda was published several times in the weeks prior to the final adoption of the annexation ordinances in question. The evidence produced by the City in support of their motion for summary judgment reveals that the City complied with all statutory procedural requirements which bear upon the validity of the annexations at issue. Plaintiffs produced no competent evidence to controvert these facts. For these reasons we conclude that there is no genuine issue of fact that the City complied with the statutory requirements for annexation and that the City is entitled to judgment as a matter of law.
*1045 Lastly, plaintiffs erroneously allege that the City has the burden of proving that the proposed annexation was reasonable and the proof submitted by the City is insufficient to show that the proposed annexation would be beneficial to the City of Lafayette and the area proposed to be annexed.
In these or any other annexation challenges, the opponents have the burden of proving the unreasonableness of the extension of the boundaries of the municipality by abundant evidence. Kansas City So. Ry. v. City of Shreveport, 354 So.2d 1362 (La.1978), cert. den., 439 U.S. 829, 99 S.Ct. 103, 58 L.Ed.2d 122 (1978); Barbe v. City of Lake Charles, 216 La. 871, 45 So.2d 62 (1949); Nix v. Village of Castor, 116 So.2d 99 (La.App. 2 Cir.1959). Attached as exhibits to the City's motion for summary judgment in the trial court were certified copies of maps of the land areas to be annexed. Also attached are affidavits of Don A. Ouchley, Clye M. Martin, and Glenn Weber, officials of the City. These affidavits attested to the fact that the City was prepared to extend all municipal services to the residents of these areas and that some of these residents were already receiving several city services at the time the City annexed these areas. Additionally, a review of the above mentioned maps reveals that the annexed areas formed part of an "island" which is enclosed by incorporated areas of the City and the Vermilion River.
In assessing the reasonableness of an annexation, "the court considers generally the benefits and detriments to both the municipality and the area to be annexed." Kansas City So. Ry. Co. v. City of Shreveport, supra, at page 1369. Among the indicators of the reasonableness of an annexation is the extension of police, fire, sanitary protection or other municipal services to substantial numbers of residents of adjacent areas. Id., at 1369; Nix v. Village of Castor, supra at 101.
Viewed in the light of the rule of Kansas City and Nix, there can be no doubt that the two annexations at issue in this case are reasonable. The location of the property being annexed in this matter is not in dispute. The residential character of the area is not in dispute. The fact that incorporated areas of the City lie on both sides of these areas is not in dispute. The uncontroverted affidavits of City officials state that some residents of these areas are already receiving certain City services and all residents will receive these services upon the annexations of these areas into the City. These annexations will help to fill an "island" in the corporate boundaries of the City, thus making police and fire protection more effective by eliminating possible inadvertent gaps in that protection due to questions of jurisdiction.
Based on this evidence and the fact that plaintiffs have failed to make any showing of unreasonableness we conclude that there is no genuine issue of fact that these annexations are reasonable and that the City is entitled to judgment as a matter of law.
For the foregoing reasons, we affirm the trial court's judgment granting defendant's motion for summary judgment and denying plaintiffs' motion for summary judgment. Costs are assessed to plaintiffs-appellants.
AFFIRMED.