594 So.2d 566 (1992)
Donald Charles REDMOND and Kelly Hart, Plaintiffs-Appellants,
v.
CITY OF LAFAYETTE, Louisiana, Defendant-Appellee.
No. 91-380.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Rehearing Denied March 12, 1992.
Logan & Sallinger, Wm. Logan, Jr., Lafayette, for plaintiffs/appellants.
Voorhies & Labbe, Michael D. Hebert, Lafayette, for defendant/appellee.
Before GUIDRY, FORET and LABORDE, JJ.
GUIDRY, Judge.
Plaintiffs appeal a judgment of the trial court denying their motion for summary *567 judgment and granting defendant's motion for summary judgment. We affirm.
Donald Charles Redmond and Kelly Hart (hereafter plaintiffs), both of whom are domiciled in the Parish of Lafayette, filed suit against the City of Lafayette seeking to have an annexation ordinance of the City, Ordinance # 0-3336, declared invalid. The ordinance in question seeks to annex an island of land surrounded by the City into the City. Both plaintiffs and the City filed motions for summary judgment. The trial court denied plaintiffs' motion and granted the City's motion. Plaintiffs timely filed a suspensive appeal. The City answered the appeal seeking damages for a frivolous appeal, attorney's fees and all costs.
In this suit plaintiffs challenge an ordinance of the City of Lafayette annexing into the City an area known as Broadmoor Terrace. On December 8, 1987, the Lafayette City Council adopted Ordinance 0-3336 annexing Broadmoor Terrace into the City. The ordinance was published December 13, 1987 and plaintiffs filed this suit on January 8, 1988. The City of Lafayette answered the suit. Thereafter, both parties filed motions for summary judgment.
The trial court finally heard the cross motions for summary judgment on August 20, 1990 and promptly took the motions under advisement. Reasons for judgment were issued by the trial court on December 4, 1990, with a written judgment following on December 21, 1990. Plaintiffs' motion for a new trial was denied January 11, 1991 and this appeal followed.
Following denial of their motion for a new trial, plaintiffs attempted to supplement the record. Their motion to supplement the record remains unsigned and we will not consider any documents filed after January 11, 1991, the date plaintiffs' motion for new trial was denied.
On appeal plaintiffs list eleven assignments of error which they divide into four issues. Appellants then address these four issues on appeal. We will do likewise.

ISSUE NO. 1
Appellants, in brief, frame this issue as follows:
"Whether annexation Ordinance 0-3336 by the City of Lafayette is invalid because there has not been strict statutory compliance in its adoption for the reason that:
(1) Written assent of the majority of resident property was not obtained; and,
(2) The 466 separate petitions do not contain an accurate description of the area proposed to be annexed."
The statutory requirements for annexation by ordinance are set forth in La. R.S. 33:172(A), which states in pertinent part as follows:
"No ordinance enlarging the boundaries of a municipality shall be valid unless prior to the adoption thereof a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits according to the certificate of the parish assessor. If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply. The valuation of the property within the area proposed to be annexed shall be certified to by the assessor according to the assessment of each of the owners signing the petition. Where there has been a change of ownership since the last assessment of the property, the assessor shall certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against any previous owner. In any case where the property of the present owner has not specifically been assessed the assessor shall estimate the assessed value of the property for the current year *568 and certify the same as the value of the property."
La.R.S. 33:172(D) provides:
"Notwithstanding the provisions of Subsection (A) of this section, any municipality may annex contiguous areas without the petitions required by said Subsection (A), by ordinance, provided prior to the adoption of any such ordinance, the question of the annexation shall be submitted to the qualified voters residing within the area proposed to be annexed in a special election called for that purpose by the municipality, and a majority of those voting at such election shall have voted in favor of the annexation. Any municipality may call such an election after being requested to do so through a petition signed by at least twenty-five percent of the resident property owners residing in the area requesting annexation and by the owners of at least twenty-five percent in value of the resident property within such area. The valuation of the property shall be determined as set forth in Subsection (A) above. The petition presented to the municipality shall contain an accurate description of the area proposed to be annexed. All elections called under the provisions of this subsection shall be conducted in the same manner as are other special elections called for bond and tax purposes by municipalities."
The quoted provisions provide for alternate ways for an area to be annexed into a city. An election is required in section (D), whereas there is no such requirement under section (A). Yet, appellants argue that non-compliance with the second to last sentence of section (D) should invalidate an annexation done under section (A). We find no merit to this argument and appellants cite no authority to bolster their tenuous argument. Furthermore, there is no statutory requirement that any map, plat or property description be attached to a petition for annexation under La.R.S. 33:172(A). In LeBlanc v. City of Lafayette, 543 So.2d 1040 (La.App. 3rd Cir.1989), writ denied, 548 So.2d 337 (La.1989), we disposed of a similar claim as follows:
"Plaintiffs next allege that the annexation petitions submitted by the City in support of their motion for summary judgment, some of which had a map of the area proposed to be annexed on the rear of the petition, failed to sufficiently comply with the annexation statutes. A review of the municipal annexation statutes, R.S. 33:171 et seq., shows that there is no statutory requirement that any map, plat, or property description be attached to any petition for annexation. Generally the first notice of the exact boundaries of the area being considered for annexation is provided to citizens living in the area by publication of the notice of the filing of an annexation petition in a newspaper published in the locality.
"This requirement of notice by publication is set forth in LSA-R.S. 33:172(B) which provides:
"B. Notice by publication shall be given once of the filing of the petition in some newspaper published or having general circulation in the municipality. No ordinance enlarging the boundaries of the municipality shall be adopted until ten days after the publication of the notice. Anyone desiring to be heard with reference to the proposed ordinance shall notify the clerk or secretary of the municipality in writing and the governing authorities, before adopting any ordinance, shall grant such hearing."
"The jurisprudence interpreting R.S. 33:172 has held the publication must either describe the property proposed for annexation or state where such a description may be reasonably available for inspection by the public. City of Monroe v. Noe, 340 So.2d 616 (La.App. 2 Cir. 1976). In the present case, the City did in fact include a description of the property being considered for annexation within the published notices, and these notices were produced and filed in evidence as part of the City's motion for summary judgment. Additionally, notice of the placement of these pending annexations on the City council's agenda was published several times in the weeks prior to the final adoption of the annexation ordinances in question."
*569 For these same reasons, we find appellants' similar contention in this case without merit.
Appellants next contend that the City did not have the written assent of a majority of the resident property owners. Our examination of the annexation petitions at issue shows that the petitions for annexation were certified by the parish assessor indicating that the City complied with this requirement. The law is well settled that the certificate of the parish assessor is prima facie proof of its contents and is presumed valid. LeBlanc, supra, and cases cited therein. The record reflects no competent evidence controverting the correctness of the parish assessor's certificate and, therefore, the trial court did not err in granting summary judgment on this issue.
Appellants argue that a November 15, 1989 affidavit of Lafayette Parish Tax Assessor, L. Ellis Dupleix, and a December 8, 1989 affidavit of Noelle Pourcieu, raise an issue of material fact as to the correctness of the Tax Assessor's original certificate of compliance. The affidavits above referred to were not filed into the record until February 2, 1991, some six months after the hearing on the motions for summary judgment, and some six weeks after judgment was rendered in this matter. Accordingly, these affidavits were not before the trial court and are not properly before this court and will not be considered. This contention is without merit.

ISSUE NO. 2
Appellants next urge that Ordinance 0-3336 is invalid because it is unreasonable in that the benefits are only for the City utility system; it is detrimental to the area to be annexed; and, the City admittedly knew the area to be beyond its fire, police and public works capability.
The Louisiana statutes governing municipal annexation challenges state that in any such challenge, "the question shall be whether the proposed extension is reasonable". La.R.S. 33:174. Louisiana jurisprudence on the issue of the reasonableness of a municipal annexation is well established. The burden of proof of the unreasonableness of the annexations is on the challenger who must demonstrate such unreasonableness by "abundant" evidence. Kansas City So. Ry. Co. v. City of Shreveport, 354 So.2d 1362 (La.1978), cert. denied, 439 U.S. 829, 99 S.Ct. 103, 58 L.Ed.2d 122 (1978); Barbe v. City of Lake Charles, 216 La. 871, 45 So.2d 62 (1949); LeBlanc v. City of Lafayette, supra; Nix v. Village of Castor, 116 So.2d 99 (La.App. 2d Cir.1959).
In assessing the reasonableness of an annexation, "the court considers generally the benefits and detriments to both the municipality and the area to be annexed". Kansas City So. Ry. Co. v. City of Shreveport, supra, at 1369. One of the indicators of the reasonableness of an annexation is "the extension of police, fire, sanitary protection or other municipal services to substantial numbers of residents of adjacent areas". Id., at 1369.
Although the burden to establish unreasonableness of the annexation rested with plaintiffs, nothing was offered by plaintiffs at the hearing in the trial court to show unreasonableness of the annexation. On the other hand, the reasonableness of the annexation at issue herein was clearly established in the trial court by the affidavits of Clyde M. Martin, the Chief Utilities Engineer/Civil Water/Waste Water Engineer, and Glenn Weber, the Chief Administrative Officer of the City of Lafayette. These affidavits attest to the fact that the City is prepared to extend fire and police protection, street maintenance, regular garbage collection and zoning enforcement to the area to be annexed and that the City currently provides water and sewer service to the area through a contract with Water District IV.
In an effort to demonstrate the existence of a genuine issue of material fact as to the reasonableness of the Broadmoor Terrace annexation, appellants rely on several affidavits and an internal City memorandum from Glenn Weber to Mayor Dud Lastrapes dated December 23, 1985. These documents, like the affidavits plaintiffs sought to rely upon in issue number 1 above, were not offered at the hearing and were not filed into the record until February 2, 1991, and, thus, same was not before *570 the trial court at time of hearing and judgment and is not properly before this court.
In sum, the record before the trial court and before this court fails to demonstrate any issue of material fact concerning the reasonableness of the Broadmoor Terrace annexation. This case is factually similar to LeBlanc, supra, wherein we found no dispute of material fact concerning reasonableness of the City's annexation. In LeBlanc, supra, we stated:
"... The location of the property being annexed in this matter is not in dispute. The residential character of the area is not in dispute. The fact that incorporated areas of the City lie on both sides of these areas is not in dispute. The uncontroverted affidavits of City officials state that some residents of these areas are already receiving certain City services and all residents will receive these services upon the annexations of these areas into the City. These annexations will help to fill an "island" in the corporate boundaries of the City, thus making police and fire protection more effective by eliminating possible inadvertent gaps in that protection due to questions of jurisdiction.
Based on this evidence and the fact that plaintiffs have failed to make any showing of unreasonableness we conclude that there is no genuine issue of fact that these annexations are reasonable and that the City is entitled to judgment as a matter of law."

ISSUE NO. 3
Appellants frame this issue as follows:
"Whether there are genuine issues as to material facts which would preclude summary judgment;
(1) In favor of defendant
(2) To deny plaintiff's motion for summary judgment."
For the most part, in support of this contention, appellants reurge the arguments on issues number one and two, relying on the same "evidence" which was untimely filed and not considered by the trial court and which we cannot consider on appeal. Additionally, appellants rely on the self-serving affidavit of Kelly Hart, attached to their motion for summary judgment of February 1988. While Hart's affidavit is self-serving, it raises no issues which would preclude summary judgment. This assignment of error is without merit.

ISSUE NO. 4
In his reasons for judgment, the trial judge stated "[e]ach party is to bear the cost of its own motion". The judgment signed by the trial judge reads:
"IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that each party is to bear the cost of its own Motion for Summary Judgment, and all other costs are assessed against Plaintiffs."
Appellants argue that the judgment of the trial court, insofar as it assesses costs, is not in compliance with the court's reasons. The trial court's reasons for judgment, while addressing costs for the parties' respective motions for summary judgments, is silent as to any other costs. We cannot say that the failure of the trial judge's reasons to mention costs, other than costs applicable to the motions for summary judgment, makes the award of those non-assessed costs in his judgment non-conforming.
The authority of the trial court to assess costs is governed by Article 1920 of the Louisiana Code of Civil Procedure, which provides as follows:
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
It is well settled that the trial court has broad discretion in assessing court costs. Davidson v. Board of Trustees, State Employees Group Benefits Program, 481 So.2d 708 (La.App. 1st Cir.1985); Smith v. Southern Farm Bureau Casualty Insurance Company, 192 So.2d 577 (La.App. 3rd Cir.1966); and, Liberty Mutual Insurance Co., v. Gillen Oil Field Service, Inc., 164 So.2d 695 (La.App. 3rd Cir.1964). We find no clear abuse of discretion by the trial court in its assessment of costs.
*571 Defendant answered plaintiffs' appeal seeking damages and attorney's fees for frivolous appeal. Pursuant to Louisiana Code of Civil Procedure Article 2164, this court may award damages for frivolous appeal. Under the established jurisprudence of this court, an appeal is deemed to be frivolous when it presents no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is obvious that counsel for appellant is not sincere in the view of the law he advocates to the court. Billeaud v. Association of Retarded Citizens of Evangeline, 569 So.2d 1020 (La.App. 3rd Cir.1990); Owens v. Jackson, 550 So.2d 359 (La.App. 3rd Cir.1990).
Our review of the record fails to convince us that appellants were not sincere in their view of the law advocated to this court. Accordingly, we deny appellee's request for damages for frivolous appeal.
For the reasons stated, the judgment of the trial court is affirmed. Defendant City of Lafayette's prayer for damages for frivolous appeal and attorney's fees are denied. All costs of this appeal are assessed against appellants, Donald Charles Redmond and Kelly Hart.
AFFIRMED.