liTHIBODEAUX, Judge.
This case concerns Lafayette’s efforts to expand its corporate limits by annexing an area known as the 1-10/Moss Street region. This appeal prompts us to determine whether the district court erred in granting the summary judgment motion filed by the City of Lafayette (hereinafter referred to as “the City” or “Lafayette”). We affirm for the following reasons.

J¿FACTS

On October 29, 1991, the Lafayette City Council adopted an enactment, entitled Ordinance No. 0-3898, which enabled the City to enlarge its boundaries by encompassing the I-10/Moss Street region. By November 3, 1991, Lafayette published its ordinance and, on December 2, 1991, Nellie Malveaux filed her claim contesting Lafayette’s attempt to extend its corporate limit. Malveaux maintained that Lafayette’s proposed annexation was invalid because Lafayette inter alia:
1) failed to satisfy the annexation requirements imposed upon municipalities by La.R.S. 33:172[1] because, in determining the number of resident property owners, Lafayette
(a) failed to count both spouses (each of whom owns an undivided one-half (½) interest in their respective communi- ' ty), and
(b) intentionally deleted the names of co-owners who initially appeared on the Lafayette Parish Tax Assessor’s list of resident property owners;
2) gerrymandered the I-10/Moss Street region’s boundaries so as to exclude those registered voters and registered *1027 property owners who declined to sign the annexation petitions; and,
3) is unable to provide police, fire, street maintenance, garbage collection, zoning enforcement services, etc. to the 1-10/ Moss Street region.
^Together with attorney’s fees, Malveaux sought damages to cover her expenses, costs, inconvenience and mental anguish; moreover, Malveaux asked the court to vacate Ordinance No. 0-3898.
On November 21, 1994, Lafayette moved for summary judgment upon Malveaux’s petition. Together with its summary judgment motion, Lafayette attached several exhibits. Among those exhibits were the:
(1) Lafayette Parish Tax Assessor’s Certificate;
(2) Lafayette Parish Registrar of Voters’ Certificate;
(3) affidavit of Frank Thibeaux (Lafayette’s Annexation Coordinator) averring that certificates filed by the Tax Assessor and the Registrar of Voters were true and correct;
(4) affidavit of Terry Huval (Lafayette’s Director of Utilities) averring that the City operates and maintains the 1-10/ Moss Street region’s sewage and water systems; and the
(5) affidavit of Michael Mouton (Lafayette’s Chief Administrative Officer) averring that the City is prepared to extend police, fire, street maintenance, garbage collection and zoning enforcement services to the I-10/Moss Street region immediately upon annexation.
On January 13, 1995, Malveaux filed a partial summary judgment motion; therein, Malveaux alleged that partial summary judgment should be granted because no genuine issue of material fact existed concerning Lafayette’s failure to satisfy the requirements of La.R.S. 33:172(A)(1), ie. Lafayette failed to secure petitions signed by a majority of the I-10/Moss Street region’s resident property owners seeking annexation. On February 21, 1995, the trial court adjudged both Malveaux’s and Lafayette’s motions for partial summary and summary judgment respectively. The lower court granted Lafayette’s summary judgment motion and dismissed Malveaux’s request for partial summary judgment. Thereafter, Malveaux filed and the district court denied plaintiffs timely new trial motion.
|4In this appeal, Malveaux insists that the lower court erred in denying plaintiffs partial summary judgment and new trial motions; likewise, Malveaux contends that the lower court erred in granting Lafayette’s summary judgment motion because:
1) Lafayette failed to fulfill the annexation requirements of La.R.S. 33:172(A)(1); and
2) Lafayette’s annexation is unreasonable since
a. the City is unable to provide police, fire, street maintenance, garbage collection, zoning enforcement services etc. to the I-10/Moss Street region,
b. the consent of persons signing Lafayette’s annexation petitions is vitiated by the City’s fraudulent failure to disclose all material facts to such petitioners,
e. the City gerrymandered the 1-10/ Moss Street region in discriminatory violation of certain residents’ voting rights,
d. the annexation will cause Lafayette to spend $1,439,205.00 but will only generate $128,961.00 in net annual revenues.
We address each assignment in turn.

LAW & DISCUSSION

Appellate courts review summary judgments de novo using the same caliper that the district court used in determining whether summary judgment was appropriate — viz., that based upon the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, the movant has shown that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
| .^Louisiana Revised Statute 33:173(A)(1)
Malveaux insists that Lafayette failed to satisfy the annexation requirements imposed upon municipalities by La.R.S. *1028 33:172 because, in determining the number of resident property owners, Lafayette: (1) failed to count both spouses, and (2) intentionally deleted the names of co-owners who initially appeared on the Lafayette Parish Tax Assessor’s list of resident property owners. Lafayette retorts, and we concur, that the Lafayette Parish Tax Assessor’s certificate is prima facie proof of its contents and is presumed valid. LeBlanc v. City of Lafayette, 543 So.2d 1040 (La.App. 3 Cir.), writ denied, 548 So.2d 337 (La.1989); Dupre v. Mayor & Bd. of Aldermen of City of Houma, 126 So.2d 637 (La.App. 1 Cir.1961); Hider v. Town of Lake Providence, 91 So.2d 387 (La.App. 2 Cir.1956). The same rule is equally apposite to the Lafayette Parish Registrar of Voters’ certificate. LeBlanc, 543 So.2d 1040. Malveaux failed to produce competent evidence to controvert the validity of the Lafayette Parish Tax Assessor’s and Registrar of Voters’ certificates, which confirmed that the information contained within the annexation petitions was accurate and that the petitions met La.R.S. 33:172(A)(1)’s requirements for annexation of the I-10/Moss Street region. Mere formal allegations without substance will not preclude summary judgment. LeBlanc, 543 So.2d 1040; Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3 Cir.1985); City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1 Cir.1979).
[ ^Reasonableness
Malveaux next asserts that Lafayette’s annexation is unreasonable because the City is unable to provide police, fire, street maintenance, garbage collection, zoning enforcement services etc. to the I-10/Moss Street region.[2]
In order to determine whether the extension of corporate limits of a municipality is unreasonable, the proposed extension must be considered in its entirety. The issue is not whether each portion of the tract included in the proposed annexation, if considered separately, would be a reasonable extension, for the ordinance stands or falls in its entirety, and the burden of proving unreasonableness is on those parties opposing the annexation.
Reasonableness in enlargement of municipal boundaries is determined by a number of factors such as a substantial increase in population; a need for additional area for construction of homes, mercantile, manufacturing or industrial establishments; a need for additional land area to accommodate the present or reasonably anticipated future growth of the municipality; and the extension of police, fire, sanitary protection or other municipal services to substantial numbers of residents of adjacent areas. As we said in Barbe v. City of Lake Charles, supra [216 La. 871] 45 So.2d [62] at 70 [ (1949) ] “With reference to annexation, what is reasonable or unreasonable depends largely upon the particular facts in any given situation....’ The court considers generally the benefits and detriments to both the municipality and the area to be annexed.
Kansas City S. Ry. Co. v. City of Shreveport, 354 So.2d 1362, 1369 (La.1978), cert. denied, 439 U.S. 829, 99 S.Ct. 103, 58 L.Ed.2d 122 (1978) (citations omitted) (emphasis ours).
In his affidavit, Michael Mouton averred that Lafayette is prepared to extend police, fire, street maintenance, garbage collection and zoning enforcement services to the proposed area immediately upon annexation; likewise, Terry Huval averred that Lafayette already owns and operates the water and sewage systems of the I-10/Moss Street region. The affidavits filed by the City evince that there is no genuine issue of material fact as to Lafayette’s ability to extend police, fire, sanitary 17protection and other municipal services to a substantial number of the 1-10/ Moss Street region’s residents.

CONCLUSION

For the reasons recited herein, we affirm the lower court’s grant of Lafayette’s summary judgment motion. Malveaux is east for all costs.
AFFIRMED.

. La.R.S. 33:172(A)(1) provides:
No ordinance enlarging the boundaries of a municipality shall be valid unless, prior to the adoption thereof, a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, all according to the certificates of the parish assessor and parish registrar of voters. If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply.

. We are unpersuaded by, and do not address, Malveaux assertions concerning gerrymandering, consent vitiation, and net annual revenues.