Dear Ms. Roy:
This office is in receipt of your request for an opinion of the Attorney General in regard to annexation of property to the Town of Mansura. You indicate there are two areas to be annexed which are property contiguous with the corporate limits of the Town. You ask whether the Town is complying with all the requirements pursuant to the map, petition, signature pages, resolution by the Town, and correspondence from the Registrar of Voters.
This office observed in Atty. Gen. Op. No 97-0377 that there are two approaches to validate an ordinance to enlarge the boundaries of a municipality as provided in R.S. 33:172. It is noted that under R.S.33:172(A) no ordinance is valid until a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property proposed to be annexed. It was then stated as follows:
 The municipality contemplating this annexation of the property should request a certification from the assessor as to whether a petition for the annexation contains the written assent of twenty-five percent in value of the property of the resident property owners, and the registrar of voters shall provide a certification as to whether a petition for annexation contains written assent of a majority of the registered voters within the area proposed to be annexed. Thus, without the certifications from the parish assessor and registrar of voters, the ordinance is invalid.
In accordance withSubsection D it was noted, notwithstanding the provisions of Subsection A, any municipality may annex a contiguous area without the petition required by Subsection A, by ordinance, provided prior to the adoption of any such ordinance, the question of annexation shall be submitted to the qualified voters residing within the area proposed to be annexed in a special election called for that purpose by the municipality, and a majority of those voting at such election shall have voted in favor of the annexation. Also, any municipality may call such an election after being requested to do so through a petition signed by at least twenty-five percent of the resident property owners residing in the area requesting annexation and by the owners of at least twenty-five percent in value of the resident property within such area.
According to the documents submitted it appears that the provisions of Subsection A are being followed for annexation by way of petition and ordinance. Subsection A provides as follows:
 (1) No ordinance enlarging the boundaries of a municipality shall be valid unless, prior to the adoption thereof, a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, all according to the certificates of the parish assessor and parish register of voters. If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply.
It is then provided in Paragraph (2) that at the request of the municipality the parish assessor shall provide a certified list of the property within the area proposed to be annexed, and shall provide "a certification as to whether a petition for annexation contains the written assent of twenty-five percent in value of the property of the resident property owners". The registrar of voters shall certify a list of the registered voters residing in the area to be annexed and whether a petition for annexation contains a written assent of a majority of the registered voters within the area proposed to be annexed.
Paragraph (3) is then set forth as follows:
 The valuation of the property within the area proposed to be annexed shall be certified to by the assessor according to the assessment of each of the owners signing the petition. When there has been a change of ownership since the last assessment of the property, the assessor shall certify the valuation of the present owner in accordance with the last assessment appearing on the rolls against the previous owner. In any case when the property of the present owner has not specifically been assessed, the assessor shall estimate the assessed value of the property for the current year and certify the same as the value of the property. In any case in which multiple property owners are assessed under a single assessment, neither the assessor nor the annexing municipality shall be required to count or consider the existence of multiple fractional property interests in determining whether the percentages required in this Subsection have been met.
(Emphasis added.)
Paragraph 4 establishes that the certificates of the parish assessor and parish registrar of voters shall be the sole evidence of the written assent of the number of registered voters, number of resident property owners and value of the resident property owners required in this Subsection for all purposes pertaining to municipal annexations. In this regard the courts have stated that the registrar of voters' and assessor's certificates are "prima facie proof of its contents and is presumed valid" Malveaux v. City of Lafayette, 679 So.2d 1025 (La.App. 3 Cir. 1996), LeBlanc v. City of Lafayette, 543 So.2d 1040 (La.App. 3rd Cir. 1989).
Under Paragraph 5 it is provided that there is no special form for the petition but it must be in writing, and include a description of the general area to be annexed. Multiple petitions are to be considered together.
Subsection B requires publication shall be given once of the filing of the petition in some newspaper having general circulation in the municipality, and delays adoption of an ordinance until tens days after the publication of the notice, and a hearing shall be granted upon anyone desiring to be heard by notifying the clerk or secretary of the municipality in writing and the governing authority.
Subsection C allows annexation of contiguous areas by election provided at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, which appears to be the situation in question, and provided that a majority of the registered voters residing in the area proposed to be annexed vote in favor of such annexation.
Pursuant to a telephone conversation, this office observed that there is no certificate from the assessor, and it was determined that a prime concern in this request is what information must be given the assessor in order for him to make a conclusion as to the percentage of property value of those signing the petition for annexation. In this regard this office observed in Atty. Gen. Op. 93-542 that R.S. 33:172(A) does not provide a particular method for assessors to utilize in identifying "resident property owners", but opined as follows:
 It seems obvious that the homestead exemption rolls would be pertinent to questions regarding residence and ownership, since both resident and ownership are considered in determinations of whether the homestead exemption is to be extended to a particular tract or parcel of property. It is therefore likely that in providing for certification by the assessor, the legislature contemplated that the assessor would utilize the homestead exemption rolls for purposes of preparing his certification.
 The decision rendered in Kansas City So. v. City of Shreveport, 354 So.2d 1362 (La. 1978) is also noteworthy. Therein, regarding the assessor's certification, the Supreme Court stated:
 We also conclude that use of the computer print-out list of the homestead exemptions was a reasonable method of identifying the resident property owners, although the probability was that a few people eligible for the exemption did not file for it. The statute cannot reasonably be interpreted to require the Assessor to make an actual check of each property in the area.
This office then concluded, "In accordance with the Kansas City
decision, it is our opinion that for purposes of certifying the signatures contained on an annexation petition, the assessor is not required to examine anything more than the homestead exemption rolls to identify `resident property owners'."
We also find it pertinent to observe that a state highway annexed by a municipality does not transfer ownership, and the requirement of assent for "registered voters" and "resident property owners" does not apply to DOTD for it is neither a resident property owner nor a registered voter of the municipality.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr