HALL, Judge.
The Town of Richwood appeals from a judgment nullifying its ordinance purporting to annex an area described as Richwood Sewage District No. 3. For reasons set forth in this opinion we affirm the judgment of the district court.
The ordinance was adopted on October 20,1980. Plaintiffs filed suit contesting the validity of the ordinance on March 27,1981. The town filed an exception claiming plaintiffs’ action was barred since the action was brought well after the 30-day period provided by LSA-R.S. 33:175. The exception was denied, and after trial judgment was rendered declaring the ordinance null and void because of the town’s failure to comply with the requirements of LSA-R.S. 33:172 A and B and 178 in several substantial and material respects. ■
*506 On appeal the town does not question the trial court’s finding that the statutory provisions governing annexation by the petition method were not complied with. Appellant’s only specification of error is that the trial court erred in overruling its exception raising the issue of prescription or per-emption. Thus, the only issue presented for consideration on appeal is whether plaintiffs’ action was timely.
LSA-R.S. 33:173 provides that an annexation ordinance shall not become operative until 30 days after it has been published once in a newspaper having general circulation in the municipality, or if there is no newspaper published in the municipality or having general circulation therein, after copies of the ordinance are posted in three public and conspicuous places in the municipality. LSA-R.S. 33:174 provides that any interested citizen of the municipality or of the territory proposed to be annexed may, within the 30-day period before the ordinance becomes effective, file suit in the district court to contest the proposed extension of the corporate limits, and the question shall be whether the proposed extension is reasonable. In addition to attacking the ordinance on the ground of unreasonableness, the validity of the ordinance may be contested on the ground that the ordinance was passed without compliance with the requirements of the statute. Grice v. Mayor and Council of Morgan City, 164 So.2d 370 (La.App. 1st Cir. 1964).
LSA-R.S. 33:175 provides that if no suit is filed within the 30-day period the ordinance shall then become operative and cannot be contested or attacked for any reason or cause whatsoever.
Appellees argue that the 30-day period of Section 175 applies only to a suit brought under Section 174 attacking the reasonableness of the ordinance and does not apply to a suit attacking the validity of the ordinance for noncompliance with the statutory requirements. Appellant argues that Section 175 bars a suit brought after the 30-day period attacking the ordinance for any reason or cause whatsoever.
It is not necessary for this court to decide this precise issue because, assuming the applicability of the 30-day limitation period to this action attacking the validity of the ordinance for failure to meet statutory requirements, we find that the 30-day period never commenced to run because of lack of publication or posting.
Under Section 173 the 30-day period commences after the ordinance has been published once in a newspaper having general circulation in the municipality or after the ordinance is posted in three public and conspicuous places in the municipality if there is no newspaper published in the municipality or having general circulation therein. Normally, the party attacking an annexation ordinance has the burden of proving its unreasonableness or invalidity. Hider v. Town of Lake Providence, 91 So.2d 387 (La.App. 2d Cir. 1956). However, because defendant pled prescription or peremption, it bears the burden of proving the facts necessary to sustain its plea. Montgomery v. Breaux, 297 So.2d 185 (La.1974). Upon review of the evidence, we find that defendant did not discharge its burden. Specifically, defendant failed to prove that the ordinance was published or posted in accordance with the statute so as to trigger commencement of the 30-day period.
The only reference to publication in the record is contained in the defendant’s answers to interrogatories and in the affidavit of the mayor supporting the defendant’s motion for summary judgment. Both documents state that the ordinance was published and posted but without any details as to the manner of publication or posting. Publication or posting was not mentioned in the mayor’s testimony at trial. The town’s former clerk testified that he could not remember whether publication had taken place or not. The best evidence of publication, a copy of the notice and certificate of publication, was not presented.
We therefore conclude that defendant failed to discharge its burden of proving publication or posting. Without publication or posting the 30-day period in which an action contesting or attacking the ordinance *507 could be brought never commenced to run and, therefore, this action was filed timely.
The judgment of the district court declaring the ordinance null and void is affirmed at appellant’s costs.
Affirmed.