_[¿CARTER, C.J.
Plaintiff appeals the granting of defendant’s peremptory exception raising the objection of prescription.
FACTS
The Village of Killian is a political subdivision of the State of Louisiana and is located in Livingston Parish. A petition was delivered to the Board of Aldermen for the Village of Killian on March 5, 1997, concerning enlargement of the boundaries of the Village of Killian. On March 6, 1997, the Village of Killian published a Notice of Public Hearing in the Denham Springs-Livingston Parish News. The hearing was to be held at 7:00 p.m. on March 12, 1997, at the Municipal Building relative to the adoption of the ordinance to enlarge the boundaries. When the hearing took place on March 12, 1997, the Village of Killian adopted the ordinance to enlarge its boundaries. On March 30, 1997, the Notice of Adoption of the ordinance was published in the Denham *591 Springs-Livingston Parish News, the legal publication for the Parish of Livingston pursuant to LSA-R.S. 33:173.
On February 28, 1998, Carl Lind filed a petition for declaratory judgment seeking to have the annexation ordinance declared invalid and unenforceable. The Village of Killian filed a peremptory exception raising the objection of prescription. The Village of Killian argued that any suit challenging the validity of the annexation ordinance should have been filed no later than April 29, 1997, thirty days after publication of the ordinance on March 30, 1997.
Following a hearing the trial court granted the peremptory exception raising the objection of prescription and dismissed Lind’s petition for declaratory judgment. Lind appeals.
In addition to appealing the trial court’s granting of the peremptory exception of prescription, Lind also asserts the trial court erred in failing to declare the annexation ordinance, adopted on March 12, 1997, invalid because of procedural deficiencies. However, a review of the judgment granting the Village of Killian’s peremptory exception raising the objection of prescription is dispositive of this matter.
DISCUSSION
An ordinance enlarging the boundaries of a municipality shall not become operative until thirty days after it has been published once in a newspaper having general circulation therein. LSAjR.S.3 33:173. Louisiana Revised Statute 33:174 allows any interested citizen of the municipality to contest the reasonableness of the proposed annexation. Under LSA-R.S. 33:174B the sole questions to be presented to the court in a contest of a proposed extension of the corporate limits shall be as follows:
(1) Whether the proposed extension is reasonable.
(2) Whether, prior to the adoption of an ordinance enlarging the boundaries of a municipality, a petition was presented to the governing body of a municipality, and prior to the adoption of said ordinance, certificates were obtained from the parish assessor and parish registrar of voters showing that the said petition contained the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits.
(3) Whether the municipality complied with its own requirements for the adoption of ordinance in adopting the annexation ordinance.
The prescriptive period for contesting the ordinance is provided in LSA-R.S. 33:175, which states:
If no suit is filed within the thirty day period, or if no appeal is taken within the legal delays from a judgment of the district court sustaining the ordinance, same shall then become operative and cannot be contested or attacked for any reason or cause whatsoever.
Lind argues that the thirty-day prescriptive period does not apply to his challenge because his challenge is based on procedural grounds, not reasonableness. In support of his contention, Lind relies on Bernelle v. Town of Richwood, 420 So.2d 505 (La.App. 2nd Cir.1982), which found a suit challenging an annexation ordinance was not barred by the thirty-day prescriptive period of LSA-R.S. 33:175. However, in Bemelle the ordinance was not published after being passed, so the thirty-day prescriptive period never began to run. Bernelle, 420 So.2d at 506. We disagree *592 ■with Lind’s contention that procedural abnormalities and defects are not barred by the thirty-day prescriptive period.
In the present case, the notice of adoption of the annexation ordinance was published in the Denham Springs-Livingston Parish News on March 30, 1997. The clear wording of LSA-R.S. 33:175 indicates that once the thirty-day period has passed, the ordinance cannot be contested for any reason whatsoever (emphasis added). Thus, any contest of the annexation ordinance had to be filed by April 29, 1997.
CONCLUSION
LAfter review of the record and consideration of the applicable law, we find the trial court properly granted the peremptory exception raising the objection of prescription filed by the Village of Killian. Accordingly the judgment of the trial court is affirmed. All costs of this appeal are assessed to Carl Lind.
AFFIRMED.
WEIMER, J., concurs with reasons.