JJ3REW, J.
In this suit to declare an annexation ordinance invalid as unreasonable, the Hollingsworths appeal a judgment dismissing their action upon the granting of the City of Minden’s motion for summary judgment.
*1266 Concluding that genuine issues of material fact remain, we reverse the judgment and remand.

FACTS

On March 10, 1999, an article appeared in the Minden Press-Herald in which Mayor Bill Robertson announced that the city wished to annex area along its eastern border. Accompanying the article was a map prepared by the Minden Public Works Department of the area Robertson sought to annex. Later, a group of Webster Parish residents who were spread among some 1300 acres that were within the area covered by this map presented a petition requesting that their property be annexed by Minden.
On June 15, 1999, after receiving the necessary certificates from the Webster Parish Assessor’s Office and the Webster Parish Registrar of Voters, Minden annexed the area by adopting Ordinance No. 851. Plaintiffs are residents of the annexed area, which while sharing a border with Minden in some areas, also created an island within the corporate limits of Min-den. This island, which extends over several hundred acres, is along the western edge of the Hollingsworths’ property. A portion of this island was later annexed by the adoption of Ordinance No. 852, which is not at issue in this case.
On July 13, 1999, the Hollingsworths filed suit to invalidate Ordinance 851 on the ground that it was unreasonable [La. R.S. 33:174(B)(1) ] in that it: (i) arbitrarily, unfairly and deliberately included | ^certain properties and excluded similar properties in the same vicinity, which created erratic, non-compact, irregular and noncontiguous municipal boundary lines; the annexed properties do not require utilities or other services provided by Minden; and the annexation is not reasonably necessary for Minden’s growth.
Minden filed a motion for summary judgment in which it argued that the annexation was reasonable because municipal services would be extended to a substantial number of residents and an urban and industrial area would be added to the city. Attached to the motion were the petition requesting annexation, copies of Ordinances 851 and 852, maps of the annexed areas and affidavits from Minden Mayor Bill Robertson and T.C. Bloxom, Minden’s Police and Fire Chief. Robertson stated in his affidavit that Minden was prepared to extend garbage disposal, street maintenance, sewerage disposal, zoning laws, street lights and utility services to the annexed area. Bloxom testified that Min-den was prepared to extend fire and police protection to the annexed area.
Submitted in opposition to summary judgment were depositions, with attached exhibits, of Robertson and the members of Minden’s City Council, who voted without dissent in favor of Ordinance 851. The trial court granted the motion for summary judgment, finding that the annexation appeared to be reasonable. A motion for new trial was denied.

DISCUSSION

We conduct a de novo review of the documents supporting and opposing a motion for summary judgment under the same criteria which govern a trial court’s determination of whether summary judgment is ^appropriate. Dumas v. Angus Chemical Co., 31,400 (La.App.2d Cir.1/11/99), 728 So.2d 441, writ denied, 99-0751 (La.4/30/99), 741 So.2d 19.
Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. *1267 art. 966(B). A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Curtis v. Curtis, 28,698 (La.App.2d Cir.9/25/96), 680 So.2d 1327.
If the movant will.not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant is not required to negate all essential elements of the adverse party’s claim, action, or defense. Instead, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Art. 966(C)(2).
In a suit to contest a proposed extension of corporate limits, the sole questions to be presented to the court are whether the proposed extension is reasonable and whether state and municipal requirements for annexation were met. La. R.S. 33:174(B). The Hollingsworths contend only that the annexation was unreasonable. Opponents of an annexation ordinance have |4the burden of proving the unreasonableness of the ordinance by abundant evidence. Nix v. Village of Castor, 116 So.2d 99 (La.App. 2 Cir.1959).
The reasonableness of enlargement of municipal boundaries is determined by considering factors such as a substantial increase in population; the need for additional area for construction of homes, mercantile, manufacturing or industrial establishments; a need for additional land area to accommodate the present or reasonably anticipated future growth of the municipality; and the extension of police, fire, sanitary protection or other municipal services to substantial numbers of residents of adjacent areas. Kansas City Southern Ry. Co. v. City of Shreveport, 354 So.2d 1362 (La.1978), cert. denied, 439 U.S. 829, 99 S.Ct. 103, 58 L.Ed.2d 122 (1978); Nix v. Village of Castor, supra. The court considers generally the benefits and detriments to both the municipality and the area to be annexed. Kansas City Southern Ry. Co. v. City of Shreveport, supra.
The depositions of Mayor Robertson and the city council members were submitted in opposition to summary judgment. Robertson testified that he encouraged this annexation after learning that some residents in the annexed area desired city services. Minden would provide water, sewer lines, city street lights, maintenance of roads and drainage, fire and police protection and garbage disposal, and the new parts of the city would also benefit from Minden’s zoning laws. Some residents in the annexed area already had water service, but some depended on wells. They also already had electrical service. Robertson asserted that the annexation would cost the average new resident little in additional property taxes, while it would | ^reduce their fire insurance costs and they would no longer pay a fire district tax.
Robertson, apparently the one person deposed who was the most knowledgeable about this annexation, did not know how many people live in the island that was not annexed by Ordinances 851 and 852, and he did not know how much it would cost Minden to extend the sewer system into the area annexed by Ordinance 851. While Robertson did not know exactly how much money the entire Ordinance 851 annexation would cost Minden, he felt the city had enough funds in its reserves to cover the cost, although he did not know how long it would take to actually recover the cost. At the time Ordinance 851 was considered, he had no knowledge of Min-den’s population density or the number of *1268 lots in Minden available for residential development, although he felt there were not enough. Despite there being space for commercial and industrial development along the service road within Minden’s corporate limits, Robertson preferred to have even more space available for this sort of development.
Robertson was unaware that the city could initiate the annexation procedure. Robertson admitted that he would have included the island, but concluded that it was up to the petitioners to include only as much territory for which they felt they could get the necessary signatures for the petition. He would like a future policy that Minden examine “more closely what is being annexed, and just because they request it to be annexed, not necessarily accept it under certain conditions.”
Councilman Theron Wizner believed at the time he voted for Ordinance 851 that the only way to annex was through a petition being | ¿presented to the council. Wizner testified that when petitions are presented to the council, if the legal requirements are met, then he votes in favor of it. His only concern is whether the legal requirements for annexation are met. He did not consider the overall costs of the Ordinance 851 annexation to Minden, nor did he consider how much tax revenue and utility charges would be produced from the annexed area. He recalled that the council did not discuss how many vacant lots were available in Minden for residential, commercial or industrial development.
Councilman John Frye was aware of the other methods of annexation. He related that the council did not discuss why the annexation lines were drawn to specifically exclude the residential property immediately to the west of plaintiffs’ property. He was concerned only about the cost of providing water and whether those requesting annexation had complied with the law. Frye did not know how long it would take for water usage fees to compensate Minden for the cost of extending water service to the annexed area.
Councilman Michael Roy only considered what was in the petition to annex when voting for annexation. Councilwoman Fayrine Kennon based her decision of voting for the annexation on what was in the petition. She did not consider the cost of the services to be provided versus how much revenue the annexed area would produce. Councilwoman Magaline Quarles thought the annexation was an opportunity for Minden to grow and provide water and sewer services to areas that could not otherwise afford it on their own. She thought that if the petition complied with the law, then that was sufficient for the council to consider in voting to annex the property. She |7related that what determined the configuration of the annexed property was that the residents in the island did not sign the petition. The controlling factor in her decision to annex was that the people requested it.
A factor in favor of annexation urged by Minden was that it would justify the cost of a loop in the water system. Mayor Robertson testified that a loop in the water system would provide water for the area around Louisiana Highway 531 and residents of Beaver Creek subdivision, when they were annexed. We note that this loop benefitted an area that was already in Minden, and that maps filed into the record show that this water line passes through areas that still remain outside of Minden. In addition, the proposed water line was mentioned in the March 1999 newspaper article, which was before the petition for annexation was ever presented. Apparently, the water loop was going to be constructed regardless of whether the desired annexations ever took place.
*1269 In assessing the reasonableness of an annexation, a court is to consider generally the benefits and detriments to both the municipality and the annexed area. The officeholders involved in the annexation, the mayor and council members, were generally vague regarding the benefits to be provided to Minden and the annexed areas; these benefits, of course, illustrate why the annexation would have been needed in the first place. In addition, we note that the evidence submitted by Minden in support of its motion is scant on specific details about the detriments (costs) to Minden and the annexed area. As such, a genuine issue of material fact remains over the core issue in this case: the reasonableness of the annexation. [¡¡Accordingly, the trial court erred in granting Minden’s motion for summary judgment.
We additionally note that in an annexation contest, what is reasonable or unreasonable depends largely upon the particular facts in any given situation. Barbe v. City of Lake Charles, 45 So.2d 62, 216 La. 871 (La.1949). Such a fact-driven inquiry necessarily involves a weighing of evidence. Consideration of the weight of the evidence is improper on a motion for summary judgment, and it is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Smith v. Lynn, 32,093 (La.App.2d Cir.8/18/99), 749 So.2d 692.
This case is remanded to the trial court for further proceedings consistent with this opinion.

DECREE

The judgment is REVERSED and the matter is REMANDED.