828 So.2d 514 (2002)
Ingus M. HOLLINGSWORTH and Dorothy Roberson Hollingsworth
v.
CITY OF MINDEN.
No. 2001-C-2658.
Supreme Court of Louisiana.
June 21, 2002.
*515 Louis C. Minifield, Counsel for Applicant.
Charles A. Marvin, John W. Montgomery, Campbell, Campbell & Marvin, Minden; Counsel for Respondent.
VICTORY, J.
We granted a writ in this case to consider whether the plaintiffs have a right to take a devolutive appeal under La. R.S. 33:174 and 175 to a judgment of the trial court declaring an annexation by the City of Minden (the "City") to be reasonable. After reviewing the facts and the applicable law, we find that the plaintiffs do have a right to take a devolutive appeal and, because we did not grant this writ to review the merits of the court of appeal's judgment denying the City's motion for summary judgment, we deny the City relief and remand the case to the trial court for further proceedings in accordance with the ruling of the Second Circuit Court of Appeal.

FACTS AND PROCEDURAL HISTORY
On June 15, 1999, the governing body of the City adopted Ordinance No. 851, annexing a large tract of property located east of the city's municipal limits. Plaintiffs, Ingus and Dorothy Hollingsworth, own property included in the annexation. On July 13, 1999, plaintiffs timely sued to invalidate the ordinance, on the ground that the annexation was not reasonable under La. R.S. 33:174B(1).[1] In response, *516 the City filed a motion for summary judgment in which it argued that the annexation was reasonable. Following a hearing, the trial court granted the City's motion for summary judgment and sustained the ordinance. The trial court's written judgment dismissing plaintiffs' suit was filed into the record on July 5, 2000. After plaintiffs' motion for new trial was denied on October 13, 2000, plaintiffs filed on November 30, 2000 a motion seeking a devolutive appeal, which the trial court granted. The court of appeal subsequently reversed the trial court's judgment, on the ground that issues of fact as to the reasonableness of the annexation precluded summary judgment for the City. Hollingsworth v. City of Minden, 34,943 (La. App. 2 Cir. 8/22/01), 793 So.2d 1265. We granted the City's writ application to consider whether the plaintiffs timely filed their appeal under La. R.S. 33:174 and 33:175. Hollingsworth v. City of Minden, 01-2658 (La.1/4/02), 805 So.2d 1198.

DISCUSSION
The City argues that plaintiffs no longer have the right to appeal because the only appeal allowed is a suspensive appeal and the plaintiffs did not take a suspensive appeal. The City's argument is based on La. R.S. 33:174C, which provides in part that: "If the extension of boundaries is adjudged reasonable, the ordinance shall go into effect ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law." Under La. C.C.P. art. 2123, the time for filing a suspensive appeal, "except as otherwise provided by law," is thirty days from "the date of the mailing of notice of the court's refusal to grant a timely application for a new trial ...." Instead of filing a suspensive appeal, plaintiffs filed a motion for devolutive appeal on November 30, 2000, some forty-four days later. La. R.S. 33:175 provides in part that "if no appeal is taken within the legal delays from a judgment of the district court sustaining the ordinance, same shall then become operative and cannot be contested or attacked for any reason or cause whatsoever. (Emphasis added)." The City argues that under La. R.S. 33:175, the ordinance has already become "operative and cannot be contested or attacked for any reason or cause whatsoever" because plaintiffs did not timely file a suspensive appeal under La. R.S. 33:174. Accordingly, the City urges the court to reinstate the trial court's judgment declaring the ordinance reasonable.[2]
Plaintiffs contend there is nothing in La. R.S. 33:174 or any other law which precludes them pursuing a devolutive appeal, and, if the City's argument is adopted, devolutive appeals will not be available in annexation cases. They argue that if it were intended that only one type of appeal were available, the statute would have clearly stated so, and that La. R.S. 33:174 simply provides that the ordinance goes into effect unless a suspensive appeal is filed within ten days of the judgment. Plaintiffs explain that after the motion for *517 new trial was denied in the trial court, they had to decide whether to seek a suspensive or devolutive appeal. They acknowledge that if they chose the suspensive appeal, the ordinance would not have gone into effect, but they would have had to post a bond; on the other hand, if they chose a devolutive appeal, the ordinance would have gone into effect, but they would still have been able to pursue their timely-filed devolutive appeal. Under La. C.C.P. art.2087, the delay for filing a devolutive appeal in this case is sixty days from "[t]he date of the mailing of notice of the court's refusal to grant a timely application for a new trial ...." Thus, if a devolutive appeal is allowed in annexation cases, plaintiffs' appeal was timely.
Thus, the narrow issue presented in this case is whether a person who fails to take a suspensive appeal of a judgment declaring an annexation reasonable loses any right to seek appellate review of that judgment under La. R.S. 33:174C and La. R.S. 33:175. Under our long-standing rules of statutory construction, where it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter. ABL Management, Inc. v. Board of Supervisors, 00-0798 (La.11/28/00), 773 So.2d 131; Killeen v. Jenkins, 98-2675 (La.11/05/99), 752 So.2d 146; La. C.C. art. 13 ("Laws on the same subject matter must be interpreted in reference to each other"). Further, courts are bound to give effect to all parts of a statute and cannot give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. Langlois v. East Baton Rouge Parish Sch. Bd., 99-2007 (La.5/16/00), 761 So.2d 504.
La. R.S. 33:174, entitled "Suit to contest reasonableness of proposed extension of corporate limits," provides the procedure for contesting proposed annexations. Under the statute, any interested citizen of the municipality or territory proposed to be annexed may file suit to contest the proposed annexation within the 30 day period before the ordinance becomes effective. If the trial court determines that the extension of boundaries is reasonable, subsection C provides that "the ordinance shall go into effect ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law." [emphasis added].
La. R.S. 33:175, entitled "Prescription of right to attack ordinance," provides that "if no appeal is taken within the legal delays from a judgment of the district court sustaining the ordinance, same shall become operative and cannot be contested or attacked for any reason." [emphasis added]. Nothing in La. R.S. 33:175 refers to a suspensive appeal.
La. R.S. 33:174C and La. R.S. 33:175 can be harmonized, as they are not in conflict. La. R.S. 33:174C refers to when the ordinance becomes effective. If the party wishes to prevent the ordinance from becoming effective, the party must post a bond and take a suspensive appeal, within the legal delays for suspensive appeals. It is logical that for the legislature to refer only to "suspensive" appeals here because that is the only type of appeal which suspends the operation of a judgment. However, nothing in La. R.S. 33:174C indicates that the mere fact that the ordinance has become effective precludes further review. Rather, La. R.S. 33:175, the specific statute referring to prescription, indicates that if no "appeal" is taken within the legal delays, the judgment of the district court finding the ordinance reasonable becomes operative and cannot be contested or attacked for any reason. The fact that the legislature did not specify "suspensive" appeal *518 in this statute, as it had in the preceding statute, and the fact that it refers to "legal delays," indicates that the prescription statute applies to both devolutive and suspensive appeals.
Further, we do not find it to be the legislative intent that "[a]ny interested citizen" has the right to file suit to contest the proposed annexation under La. R.S. 33:174(A), but limiting this right to appeal only to those citizens who can afford to post a suspensive appeal bond.
Finally, a review of the statutory law of this State reflects that the legislature is perfectly capable of explicitly stating if only a suspensive or devolutive appeal will be allowed, or if either will be disallowed, as it has in numerous other statutes. See La. R.S. 4:158; La. R.S. 4:214; La. R.S. 9:2336 ("No devolutive appeal may be taken from a judgment rendered pursuant to this Part. Any interested party may prosecute a suspensive appeal ..."); La. R.S. 9:3184 ("No party to any expropriation proceeding shall be entitled to or granted a suspensive appeal ... The whole of the judgment, however, may be subject to the decision of the appellate court on review under a devolutive appeal"); La. R.S. 13:5033; La. R.S. 15:85; La. R.S. 15:566.2; La. R.S. 19:13; La. R.S. 19:114; La. R.S. 22:658.1; La. R.S. 26:106; La. R.S. 26:920; La. R.S. 30:557; La. R.S. 32:851; La. R.S. 40:2009.7; La. R.S. 42:1262; La. R.S. 42:1383; La. R.S. 47:1435; La. R.S. 47:1574; La. R.S. 51:130; La. C.C.P. art. 2252; La. C.C.P. art. 2642; La. C.C.P. art. 3307; La. C.C.P. art. 3308 ("Only a suspensive appeal as provided in Article 2123 shall be allowed from a judgment homologating a tableau of distribution"); La. C.C.P. art. 5125.

DECREE
Because we find that plaintiffs timely filed their devolutive appeal under La. R.S. 33:175, we deny the City relief and remand the case to the trial court for further proceedings in accordance with the ruling of the Second Circuit Court of Appeal.
RELIEF DENIED; REMANDED.
WEIMER, J., dissenting.
I respectfully dissent from the majority's interpretation of LSA-R.S. 33:174(C) and 33:175. I find the language of both statutes to be "emphatic and clear." See Lind v. Village of Killian, XXXX-XXXX, XXXX-XXXX, p. 2 of concurring opinion (La. App. 1 Cir. 5/11/01), 808 So.2d 590, 592. The two statutes are consecutive and obviously deal with the same subject matter: judicial challenges to a proposed or enacted ordinance for an annexation.
Louisiana Revised Statute 33:174, entitled "Suit to contest reasonableness of proposed extension of corporate limits," provides the procedure for contesting proposed annexations. Under the statute, any interested citizen of the municipality or territory proposed to be annexed may file suit to contest the proposed annexation within the 30-day period before the ordinance becomes effective. Section C of LSA-R.S. 33:174 provides that if the trial court determines that the extension of boundaries is reasonable, "the ordinance shall go into effect ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law." (Emphasis supplied.) Louisiana Revised Statute 33:175, entitled "Prescription of right to attack ordinance," provides that "if no appeal is taken within the legal delays from a judgment of the district court sustaining the ordinance, same shall then become operative and cannot be contested or attacked for any reason or cause whatsoever." (Emphasis supplied.)
The City argues that under LSA-R.S. 33:175, the ordinance has already become "operative and cannot be contested or attacked *519 for any reason or cause whatsoever" because plaintiffs did not timely file a suspensive appeal under LSA-R.S. 33:174. I agree.
Reading the two statutes together, I conclude that a party who wishes to challenge the district court's judgment holding that the annexation ordinance was reasonable must do so by filing a suspensive appeal within ten days of the judgment.[1] If no suspensive appeal has been perfected within that time limitation, then the mandatory language of LSA-R.S. 33:174(C)[2] results in a completed annexation. Thereafter, because of the mandatory language of LSA-R.S. 33:175,[3] plaintiffs are completely barred from contesting the annexation.
The fact that LSA-R.S. 33:175 does not use the word "suspensive" is immaterial to reconciling the two statutes. If the legislature intended to allow devolutive appeals in annexation cases, then the language of LSA-R.S. 33:175, which declares the judgment that upheld the ordinance to be final, would be superfluous. All judgments become final if no appeal is taken. Lack of the word "suspensive" in LSA-R.S. 33:175 does not indicate that the legislature was providing a prescriptive period for any appellate challenge other than a suspensive appeal as required by LSA-R.S. 33:174(C). The two statutory provisions complement each other.
My dissent is based exclusively on the clear language of these statutes.[4] However, I note there are cogent reasons for limiting a party who contests an annexation to a suspensive appeal. If devolutive appeals are allowed, there is an unsatisfactory and problematic result that annexation activities, such as construction of waterlines and street improvements, will have commenced and then will have to be abandoned or removed. The expenditure of city funds in an area that would later be declared not annexed would be a questionable act on the part of city government. Thus, the practical effect of allowing a devolutive appeal in an annexation case will be to suspend the annexation of the area until the appeal is decided. Plaintiffs may then have a less expensive challenge to the annexation, but the city will be deprived of the safeguard inherent in the procedural requirements for taking a suspensive appeal, such as a shorter time period[5] and an appeal bond.[6] The majority expresses concern that interpreting the statutes to exclude devolutive appeals will be financially burdensome on "any citizen" who may wish to challenge an annexation.
*520 However, the jurisprudence has interpreted LSA-C.C.P. art.2124[7] as requiring only security sufficient to cover costs in a case of a suspensive appeal from a judgment which does not decree payment of money or delivery of property. See Succession of Moody, 149 So.2d 719 (La.App. 1 Cir.), rev'd on other grounds, 245 La. 429, 158 So.2d 601 (1963). Thus, the number of citizens financially foreclosed from bringing a suspensive appeal will be limited. If the requirement of security for a suspensive appeal in annexation cases works a financial hardship on some parties, the remedy for this situation is with the legislature, not with the courts.
Given the language of the statutes, it is clear the legislature intended to cloak the annexation process with the advantages of requiring that the appeal be suspensive, which intent is violated if a devolutive appeal is allowed.
Finally, by the time this case reached the court of appeal, the mandatory language of the two statutes had caused the annexation in question to have taken effect and to have become unassailable. Thus, the issue of the reasonableness of the annexation was moot.[8] Appellate courts do not hear moot cases, and parties cannot agree to litigate a moot issue. See St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165, 1172 (La.1987) (settlement between the parties rendered the original demand or claim moot). All of the legal questions arising from the controversy between the parties in the present case became moot, abstract, or hypothetical on the date the ordinance became effective. The effectiveness of the ordinance extinguished the original demand or claim and prevented any further action or proceeding thereon. Id. Because the action cannot be prosecuted further, any exception or means of defense sought to be used by the defendant to extinguish or bar the action, such as prescription or peremption, has been made abstract or purely academic. Id.
NOTES
[1] La. R.S. 33:174 provides in pertinent part as follows:

A. Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty-day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits. "Interested", as used in this Section, means a real and actual personal stake in the outcome of the contest of the extension of the corporate limits.
B. The sole questions to be presented to the court in a contest of a proposed extension of the corporate limits shall be as follows:
(1) Whether the proposed extension is reasonable.
(2) Whether, prior to the adoption of an ordinance enlarging the boundaries of a municipality, a petition was presented to the governing body of a municipality, and prior to the adoption of said ordinance, certificates were obtained from the parish assessor and parish registrar of voters showing that the said petition contained the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits.
(3) Whether the municipality complied with its own requirements for the adoption of ordinance in adopting the annexation ordinance.
C. If the extension of boundaries is adjudged reasonable, the ordinance shall go into effect ten days after the judgment is rendered and signed unless a suspensive appeal therefrom has been taken within the time and manner provided by law. If the proposed extension is adjudged invalid, the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter. A similar right of appeal from the judgment of the district court annulling the ordinance shall be granted the municipality or any interested citizen as hereinabove provided.
[2] Alternatively, the city argues on the merits that it met its burden of proving the ordinance was reasonable, and that the trial court did not abuse its discretion in granting the city's motion for summary judgment. We did not grant this writ to address that issue.
[1] I note the plaintiffs filed a motion for new trial which was denied by the trial court approximately three months after the rendition of the judgment dismissing their suit. In light of my analysis of the applicable statutes, such a procedural device may have been unavailable. However, because neither of the lower courts nor the parties have questioned this procedure, I pretermit discussion of the issue and confine my remarks to the availability of a devolutive appeal.
[2] The mandatory language is as follows: "[T]he ordinance shall go into effect ... unless a suspensive appeal therefrom has been taken...." (Emphasis supplied.)
[3] The mandatory language is as follows: "If... no appeal is taken within the legal delays from a judgment of the district court sustaining the ordinance, same shall then become operative and cannot be contested or attacked for any reason or cause whatsoever." (Emphasis supplied.)
[4] The majority's foray into other statutes providing for appeals in a variety of cases is interesting, but not compelling in an interpretation of the provisions of the two annexation statutes at issue here.
[5] LSA-R.S. 33:174(C) shortens the time period for taking a suspensive appeal to 10 days, which indicates a legislative intent of avoiding delay in the annexation process. It is incongruous to suggest that the legislature then thwarted the intended result by allowing the 60-day delay involved in perfecting a devolutive appeal.
[6] One of the purposes of requiring security for a suspensive appeal is to assure the appellant will prosecute the appeal. LSA-C.C.P. art.2124(E).
[7] LSA-C.C.P. art. 2124 provides that no security is required for devolutive appeals; for a suspensive appeal of a judgment for the payment of a sum of money, with specified exceptions, security equal to the amount of the judgment plus interest is required. When the judgment distributes a fund in custodia legis, only security sufficient to secure the payment of costs is required. In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution. LSA-C.C.P. art. 2124(B)(3).
[8] It is also questionable whether the court of appeal had jurisdiction in this case. A citizen's time-barred challenge to the legality of an election for a bond issue and securities was dismissed on the grounds of both prescription and lack of appellate jurisdiction in Miller v. Town of Bernice, 186 La. 742, 173 So. 192 (1937).