Dear Mayor Harris,
This office is in receipt of your opinion request wherein you asked whether an annexation across the Town of Richwood boundary by another governmental body, with the consent of the Town, is permissible or advisable under current Louisiana law.
Under LSA-R.S. 33:171, the limits and boundaries of municipalities may be enlarged by ordinance of the governing body. The procedure for annexing territory is outlined in LSA-R.S. 33:172, which reads in pertinent part:
 A. (1)(a) No ordinance enlarging the boundaries of a municipality shall be valid unless, prior to the adoption thereof, a petition has been presented to the governing body of a municipality containing the written assent of a majority of the registered voters and a majority in number of the resident property owners as well as twenty-five percent in value of the property of the resident property owners within the area proposed to be included in the corporate limits, all according to the certificates of the parish assessor and parish registrar of voters.
 (b) If there are no registered voters residing in the area proposed for annexation, then the requirement for a majority of the registered voters on the petition shall not apply.
 (c) If there are no resident property owners, nor registered voters residing, in the area proposed for annexation and the area is vacant land, then the requirement for a majority of the resident property owners and a majority of the registered voters on the petition shall not apply, so long as the petition contains the written assent of each nonresident property owner of each tract, lot, or parcel in the area proposed for annexation. No ordinance annexing vacant property across parish boundaries shall be valid unless it has first been approved by the parish governing authority of the area to be annexed.
In the cases concerning the annexation of property, Courts have held that where the legislature grants municipalities the power to enlarge their corporate limits, strict adherence to the procedure prescribed is essential for the validity of the alteration. Pyle v. City of Shreveport, 40 So. 2d 235 (La. 1949); Hider v. Town of Lake Providence, 91 So.2d 387 (La.App. 2 Cir. 1957).
In Parish of Ouachita v. Town of Richwood,
326,29,617(La.App. 2 Cir 6/18/97), the Court held that the phrase "enlarge the boundaries" contained in LSA-R.S. 33:172 included a requirement of contiguous area within its definition of "boundary". A boundary, according to La. C.C. art. 784, is the line of separation between contiguous lands. Additionally,LSA-R.S. 33:1(A)(1) requires an area of initial incorporation to constitute a contiguous area. Since LSA-R.S. 33:172, grants a municipality the authority to annex contiguous lands only annexation of property not contiguous to the existing boundary would not be possible. Parish of Ouachita v. Town of Richwood,
326,29,617 (La.App. 2 Cir 6/18/97).
In 2002, the legislature amended LSA-R.S. 33:172 to read in pertinent part:
 (d) (iv) If the property proposed to be annexed is contiguous to the existing corporate limits, then the parish shall bear the burden of establishing, by a preponderance of the evidence, that the proposed extension is not reasonable. If the property is not contiguous to the existing corporate limits, then the municipality shall bear the burden of establishing, by a preponderance of the evidence, that the proposed extension is reasonable. "Contiguous", as used in this provision, means that at least thirty-two feet of the vacant land proposed to be annexed is adjacent to the corporate limits and expands to a width greater than thirty-two feet within three hundred feet from the corporate limits. (Emphasis added)
From this new language added to the statute, it would appear that annexation of property not contiguous to the existing corporate limit is in fact permissible. Pursuant to the statute, the reasonableness of such an annexation will be questioned only through a suit by qualified parties. As such, an interested citizen of the municipality or the territory to be annexed is given the right to contest the reasonableness under LSA-R.S.33:174. In assessing reasonableness under LSA-R.S. 33:174, a court will consider generally the benefits and detriments of the municipality and the property to be annexed.
In Hollingsworth v. City of Minden, 34,943 (La.App 2 Cir. 8/22/01) 793 So.2d 1265, the Court enumerated several factors opponents to the annexation must show by "abundant evidence" to determine the reasonableness of an expansion of a municipal boundary. These factors include: (1) a substantial increase in population, (2) the need for additional area for construction of homes, (3) mercantile, (4) manufacturing or industrial establishments, (5) a need for additional land area to accommodate the present or reasonably anticipated future growth of the municipality, and (6) the extension of police, fire, sanitary protection, or other municipal services to substantial numbers of residents of adjacent areas.
When there are no property owners and no registered voters residing in the area proposed for annexation, the parish in which the land is to be annexed is afforded this authority. SeeLSA-R.S. 33:172(A)(1)(d)(i). Under LSA-R.S.33:172(A)(1)(d)(iii), the court must consider "the desires of the owners of the property proposed to be annexed, the anticipated public benefit of the proposed annexation, and the fiscal and financial impact that the extension of the corporate limits of the municipality will have on the municipality, the parish and the neighboring property owners."
It follows that under Louisiana Revised Statute 33:172,
annexation across the Town of Richwood boundary by another government body is permissible.
It is our hope that this opinion has provided you with the necessary law and information to sufficiently address your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _____________________ CHARLENE PATTERSON Assistant Attorney General