# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1089

## LITTLE CAPITOL OF LOUSIANA, INC., DIESI DEVELOPMENT CORPORATION, ET AL

## VERSUS

## TOWN OF HENDERSON

************

## APPEAL FROM THE
## SIXTEENTH JUDICIAL DISTRICT COURT
## PARISH OF ST. MARTIN, NO. 77499
## HONORABLE KEITH R.J. COMEAUX, JUDGE

************

## J. DAVID PAINTER
## JUDGE

************

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED.**

Michael D. Hebert
P.O. Box 3223
Lafayette, LA 70502
COUNSEL FOR DEFENDANT-APPELLANT:
    Town of Henderson

Jerry L. Mallet
1030 Lafayette St.
Lafayette, LA 70501
COUNSEL FOR DEFENDANT-APPELLANT:
    Town of Henderson

W. Glenn Soileau
P.O. Box 344
Breaux Bridge, LA 70517
COUNSEL FOR PLAINTIFFS-APPELLEES:
Little Capitol of Louisiana, Inc., Diesi Development Corportation, Sal Diesi, Tommy Diesi, Jackie Serrette, Karen Serrette, Kimberly Serrette, Susy Breaux, and Freddie Breaux

**PAINTER, Judge.**

In this suit to declare an annexation ordinance invalid as unreasonable, Defendants, the Town of Henderson (the Town) appeals a judgment in favor of Plaintiff, Little Capitol of Louisiana, Inc., Diesi Development Corportation, Sal Diesi, Tommy Diesi, Jackie Serrette, Karen Serrette, Kimberly Serrette, Susy Breaux, and Freddie Breaux (collectively referred to hereinafter as I-10 Businesses) finding the annexation unreasonable pursuant to a motion for summary judgment. Finding that genuine issues of fact remain, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On February 14, 2011, the Town adopted Ordinance 2011-001 annexing approximately forty-six acres of land in St. Martin Parish generally to the west of the Town and north of La. Hwy. 352 extending to La. Hwy. 347, including land to the north and south of Exit 115 from I-10.

On February 17, 2011, Little Capitol and the Diesis filed a Petition in Opposition to Annexation and Extension of the Corporate Limits of the Town of Henderson. Plaintiffs asserted that the annexation was solely for the purpose of providing revenue to the Town, that the Town could not provide any services to the area to be annexed, and that, as a result, the annexation was unreasonable. Other parties intervened as Plaintiffs in the matter.

The Town answered the suit, and on March 12, 2012, Plaintiffs filed a Motion for Summary Judgment arguing that no issue of material fact remained but that the annexation was unreasonable. The trial court granted the motion, stating in written reasons that it found that: "[P]laintiffs have sustained their burden of proof that the annexation is unreasonable by an abundance of the evidence."

The Town appeals.

1

## DISCUSSION

Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Potter v. First Federal Sav. and Loan Ass'n*, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A fact is "material" if its existence potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the relevant legal dispute. *Cormier v. Wise*, 93-1434 (La.App. 3 Cir. 6/1/94), 638 So.2d 688. A fact is "at issue" if there exists any reasonable doubt as to its existence. *Durrosseau v. Century 21 Flavin Realty, Inc.*, 594 So.2d 1036 (La.App. 3 Cir.1992).

*City of Alexandria v. Ratcliffe Constr. Co., LLC*, 11-1200, p. 3 (La.App. 3 Cir. 2/8/12), 95 So.3d 1076, 1079-80 (citing *Dinger v. Shea*, 96-448, (La.App. 3 Cir. 12/11/96), 685 So.2d 485).

Faced with an issue of the reasonability of an annexation, the second circuit, in *Hollingsworth v. City of Minden*, 34,943, pp. 3-4 (La.App. 2 Cir. 8/22/01), 793 So.2d 1265, 1267, *reversed and remanded on other grounds*, 01-2658 (La. 6/21/02), 828 So.2d 514, stated that:

In a suit to contest a proposed extension of corporate limits, the sole questions to be presented to the court are whether the proposed extension is reasonable and whether state and municipal requirements for annexation were met. La. R.S. 33:174(B). The Hollingsworths contend only that the annexation was unreasonable. Opponents of an annexation ordinance have the burden of proving the unreasonableness of the ordinance by abundant evidence. *Nix v. Village of Castor*, 116 So.2d 99 (La.App. 2 Cir.1959).

The reasonableness of enlargement of municipal boundaries is determined by considering factors such as a substantial increase in population; the need for additional area for construction of homes, mercantile, manufacturing or industrial establishments; a need for additional land area to accommodate the present or reasonably anticipated future growth of the municipality; and the extension of police, fire, sanitary protection or other municipal services to substantial numbers of residents of adjacent areas. *Kansas City*

2

*Southern Ry. Co. v. City of Shreveport*, 354 So.2d 1362 (La.1978), *cert. denied*, 439 U.S. 829, 99 S.Ct. 103, 58 L.Ed.2d 122 (1978); *Nix v. Village of Castor*, *supra*. The court considers generally the benefits and detriments to both the municipality and the area to be annexed. *Kansas City Southern Ry. Co. v. City of Shreveport*, *supra*.

The court in *Hollingsworth* further noted that:

[I]n an annexation contest, what is reasonable or unreasonable depends largely upon the particular facts in any given situation. *Barbe v. City of Lake Charles*, 45 So.2d 62, 216 La. 871 (La.1949). Such a fact-driven inquiry necessarily involves a weighing of evidence. Consideration of the weight of the evidence is improper on a motion for summary judgment, and it is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. *Smith v. Lynn*, 32,093 (La.App.2d Cir.8/18/99), 749 So.2d 692.

*Id.* at 1269

In support of their motion, the I-10 Businesses attached:

1.  R.S. 33 :172-174 Statue on Annexation.
2.  List and copy of decision of cases cited.
3.  "Old" Town of Henderson.
4.  Population of Henderson.
5.  Thirty-six Photographs of undeveloped property within present city limits.
6.  Deposition Mayor Sherbin Collette.
7.  Map showing portion of Interstate 10 within the city limits and annexation sought in this case.
8.  Reasons for Judgment of Judge Wattigny[1].
9.  Decision of Third Circuit of Appeal.[2]
10. Photographs of forty-six businesses sought to be annexed.
11. Affidavit of Bobby Guidry.
12. Photographs of boundary through yards in neighborhood.
13. Ordinance on Nuisances and Junk Cars.
14. Affidavit of Honorable Ronnie Theriot, Sheriff of St. Martin Parish.
15. Affidavit of St. Martin Sales Tax Administrator Carla Richard.
16. Photographs of Businesses' commercial sewage plants.
17. Map and List of Streets of the Town of Henderson which are hard surface[d] and those not hard surface[d].
18. Photographs of trash heaps and junk cars .

---

[1] These reasons for judgment originate in an earlier annexation attempt by the Town of a similar area, which was ultimately found, after a trial on the merits, to be unreasonable because the tract annexed was non-contiguous.

[2] *Roberts v. Town of Henderson*, 08-443 (La.App. 3 Cir. 11/5/08), 998 So.2d 272. is the opinion of this court on appeal from the judgment rendered in the earlier annexation attempt referenced in footnote 1.

19. Interstate 10 Exit 115 presently within the city limits.
20. Affidavit of Parish Permits Officer Reggie Neveu.
21. Affidavit[s] of Lawrence Picard, Jackie Serrette, and Freddie Breaux.
22. Affidavit of Peggy Choplin.

The affidavits included affidavits of residents and business owners in the annexed area, who testified that they did not want their property to be annexed. The affidavit of the Parish Permits Officer for St. Martin Parish states that no permits for new businesses in the Town have been issued since November 2008. The affidavit of the Sheriff of St. Martin Parish states that all calls for the Town are sent through the Sheriff's Department dispatch system because the Town has no police dispatcher and that the two departments cooperate in policing the annexed area. The I-10 Businesses argue that the Town is not in need of additional property because it has not grown in population in four decades, that there is a substantial amount of land available south of the Town if room for growth were needed, that the annexation is an attempt to increase the Town's tax revenue because of the business growth at Interstate 10 Exit 115, and that the Mayor in his deposition admitted that the Town had nothing to offer those businesses in terms of services.

The Town opposed the motion, filing in support of its opposition:

1. A copy of Ordinance 2011-001.
2. The affidavit of Mayor Sherbin Collette with an attached letter from the State of Louisiana Department of Environmental Quality (DEQ).
3. The affidavit of Leroy Guidry, Chief of Police for the Town, with attached Mutual Assistance Agreement with the St. Martin Parish Sheriff's Department.

The affidavit of Mayor Collette states that he requested that the DEQ investigate complaints of strong offensive odors coming from businesses in the proposed annex and that a letter from the DEQ indicated that the sanitary systems run by the businesses presented a public health risk to that area as well as to the

4

Town. He further testified, via affidavit, that the Town has a municipal sewerage system which it is able to extend to the annexed area. In his affidavit, Chief Guidry testified that the St. Martin Parish Sheriff's Department regularly calls on the Town's Police Department to answer calls in the annexed area, including calls at businesses in the area. The Town argues that it is prepared to extend police and sewer services to the annexed area and to invest in improving the infrastructure of the area.

After reviewing the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted," this court cannot, without weighing the evidence, assess the reasonableness of the annexation. Therefore, we find that a grant of summary judgment is not appropriate. Accordingly, the judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings.

### CONCLUSION

For these reasons, the judgment of the trial court granting summary judgment in favor of Plaintiffs is reversed. The matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Plaintiffs, Little Capitol of Louisiana, Inc., Diesi Development Corporation, Sal Diesi, Tommy Diesi, Jackie Serrette, Karen Serrette, Kimberly Serrette, Susy Breaux, and Freddie Breaux.

**REVERSED AND REMANDED**.